CASE 8—PETITION EQUITY—JUNE 4.

# Stone and wife vs. Werts, &c.

APPEAL FROM FAYETTE CIRCUIT COURT.

1. On the petition of the husband as next friend of his wife, she being made a defendant, at the instance of the husband and wife, and on their own pleadings, they obtained a judgment of the circuit court to sell a house and lot, which had been conveyed to her and *to her sole and separate use;* and upon their prayer and allegations, &c., that the words "to her sole and separate use" were inserted in the deed by mistake, they obtained a judgment of the court to correct the mistake and reform the deed. The sale being confirmed, they prosecuted an appeal to the court of appeals, seeking a reversal of the judgment of their own procurement. *The judgment of the circuit court is affirmed.*

2. Parties will not be allowed to call in question, in a revising court, a judgment in their favor, rendered at their instance, and effecting every object which they sought or had a right to attain. (*Todd, &c., vs. McClanahan's heirs,* 1 *J. J. Marshall,* 356.)

3. If a party, having an interest in preventing an act being done, acquiesces in it so as to induce a reasonable belief that he consents to it, and the position of others is altered by their giving credit to his sincerity, he has no right to challege the act to their prejudice (2 *Story's Equity,* 756); and *a fortiori* is this so, when the party complaining of an act to his prejudice, has procured it to be done, by a representation of facts inconsistent with the subsequent claim; and married women are not exempt from this rule. (1 *Story's Equity,* 368.)

W. C. P. BRECKINRIDGE,                          For Appellants,

CITED—

*Revised Statutes, chap.* 86.

4 *Met.,* 238; 1 *Duvall,* 75, 344.

9 *Georgia,* 430; 9 *Gill,* 420; 15 *Ala.,* 149.

2 *How. Miss.,* 701; 17 *B. Mon.,* 55.

4 *Met.,* 97; *Hanly vs. Downing.*

22 *Ala.,* 553; *Goodwin vs. Youge.*

Stone and wife vs. Werts, &c.

KINKEAD,                                        For Appellees.

JUDGE HARDIN DELIVERED THE OPINION OF THE COURT:

In August, 1863, W. D. Stone, as the husband and next friend of the appellant, Sidney A. Stone, filed a petition in the Fayette circuit court, making his wife a defendant thereto, and representing that, in 1854, he had purchased and paid for a house and lot, on the corner of Main and Walnut streets, in the city of Lexington, and caused the title thereto to be conveyed by J. L. Kemp, the vendor, to said Sidney A. Stone, "for her separate use and benefit," and praying that the property be sold and its proceeds reinvested, for the use and benefit of said S. A. Stone, in the city of Louisville.

In this proceeding, the court adjudged a sale of the property, which was made by said Stone as commissioner, and confirmed by the court, Mrs. Emily Hale, wife of G. B. Hale, being the purchaser, at the price of six thousand dollars, of which the sum of four thousand dollars was paid into court, and, by its order, was placed in the hands of C. N. Warren, and for the balance of two thousand dollars, the note of Hale and wife was taken.

On the first day of December, 1863, John H. Werts exhibited his petition against Stone and wife and Hale and wife, alleging that said Stone and wife, by their promissory note, dated the 8th of July, 1862, agreed to pay him one thousand seven hundred and ninety-two dollars, twelve months thereafter, and to secure the payment of the debt conveyed said property to him by a deed of mortgage, which, with said note, is exhibited with the petition. The petition refers to the sale to Mrs. Hale under the judgment of the court, and prays that the plaintiffs' debt be adjudged to be paid by Hale

and wife in satisfaction of so much of their note of two thousand dollars.

Stone and his wife resisted the relief sought by Werts in their defense to his petition as at first presented, alleging that the purchase of Kemp was made with the proceeds of Mrs. Stone's own property; and, notwithstanding the decretal sale of the property already made, they pleaded the interdiction of the alienation of separate estates of married women imposed by law (2 *Revised Statutes*, 28) as a bar to the action, so far as it sought to subject the property, or its proceeds, to the plaintiffs' debt.

But, subsequently, they obtained leave to withdraw their said defense, and filed an answer, alleging in substance that the words, "to her sole and separate use," were inserted in the deed from Kemp by mistake, and that it was not intended by the parties to that conveyance to vest in Mrs. Stone a separate estate, or any interest which could not be conveyed by the deed of herself and husband, and they consented to the enforcement of the claim of Werts, except as to a portion of it, which they controverted as unjust, and for the apparent purpose of removing the obstacle to the alienation of the property, interposed by the deed from Kemp, they prayed the court to correct or reform that conveyance, by striking out said words, "to her sole and separate use."

To this answer the appellant, Sidney A. Stone, made oath, as appears by the following certificate of W. R. Hervey, acting in obedience to an order of the court:

"COMMONWEALTH OF KENTUCKY, ⎰
JEFFERSON COUNTY, ss. ⎱

" Sidney A. Stone, wife of W. D. Stone, personally made oath before me, as commissioner of the Fayette circuit court, under an order in said case, separate and

apart from her husband, that the within answer has been read and explained to her, and that she fully approves and consents to it, without coercion on the part of her husband. ·

"Given under my hand as commissioner aforesaid, this 25th day of August, 1864.

"WILL. R. HERVEY, *Commissioner.*"

The court, on hearing the cause, adjudged that the deed from Kemp be corrected in accordance with the prayer of the defendants; that the amount due Werts should be paid in discharge of so much of the debt of Hale and wife, and that the money in the hands of Warren be paid over to Mrs. Stone.

From that judgment Stone and wife now prosecute this appeal; and they occupy the anomalous position of parties seeking the reversal of a judgment of their own procurement.

It was said by this court, in the case of *Todd, &c., vs. McClanahan's heirs* (1 *J. J. Marshall*, 356), that "we had not supposed that a party would ever be allowed to call in question, in the revising court, a judgment in his favor, rendered at his instance, and effecting every object which he sought or had a right to attain."

In this case the appellants, by their answer, sought to be relieved against a disability, under which they were laboring, in consequence of a mistake in the deed from Kemp, and which might result, unless corrected, not only in avoiding the mortgage to Werts, but in vacating the sale to Mrs. Hale, and, on their representation of the facts, which the female appellant declared to be true on her oath, and as, upon privy examination, the court rendered the judgment of which they now complain. But if, as is insisted, the judgment is erroneous, and that the restrictions of the statute forbidding the alienation of

separate estates should have restrained the court from rendering any judgment in contravention of the terms of the deed from Kemp, there is yet another principle involved, which must prevent a reversal of the judgment on this appeal.

If a party, having an interest in preventing an act being done, acquiesces in it so as to induce a reasonable belief that he consents to it, and the position of others is altered by their giving credit to his sincerity, he has no right to challenge the act to their prejudice (2 *Story's Equity*, 756); and *a fortiori* is this so, where, as in this case, the party complaining of an act to his prejudice, has procured it to be done by a representation of facts inconsistent with his subsequent claim; and married women are not exempt from the operation of this rule. (1 *Story's Equity*, 368.)

While we recognize the importance of the guarantees which the law has wisely thrown around the rights of married women, with respect to their separate estates, we cannot be insensible of the injury, also, which might result to the appellees in this case by divesting them of rights acquired under a judgment rendered at the instance of the appellants, and apparently on the faith of allegations made by them, which are inconsistent with their present claim.

And, upon the ground that the appellants are concluded by their own representations and their agency in obtaining the judgment and acquiescence therein, it must be affirmed.

Wherefore, the judgment is affirmed.