CASE 62—PETITION EQUITY—SEPTEMBER 22.

## Connolly, &c., vs. Branstler.

APPEAL FROM LIVINGSTON CIRCUIT COURT.

A wife is estopped from asserting dower in real estate of her husband by announcing publicly to the crowd and bidders, at the time the real estate was being sold by a commissioner, under a decree of court, *"that she would not claim dower against any person who should become the purchaser."* The disability of coverture could not exonerate her from fraud.

————————————————,                     For Appellant,

CITED—

1 *Marshall*, 331; 4 *Metcalfe*, 147.

*Chitty on Contracts, p.* 7, *sec.* 8, *and sec.* 151.

*Revised Statutes,* 1 *Stanton,* 208.

1 *Met.*, 513 ; 6 *Dana,* 301.

C. BENNETT,                                   For Appellee,

CITED—

14 *B. Mon.,* 644 ; *Wright vs. Arnold.*

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

At a decretal sale of a house and lot in Smithland, Kentucky, for the benefit of the creditors of William Gordon, the first husband of the appellant, Mary Ann Connolly, she, for the purpose of facilitating an advantageous sale, authorized the salesman to announce, as he did, to the attending crowd, that she would not claim dower against any person who should become the purchaser. After that announcement, and on the faith of it, the property was well sold, and finally conveyed to the appellee. Some years afterwards, her second hus-

band and herself brought this suit in equity for obtaining dower; and now complain of the dismission of their petition.

The judgment was right.

Although her declaration to the bidders did not legally alienate her dower, yet the sale being made on the faith of it, she is equitably estopped from asserting dower against the purchaser; for the disability of coverture could not exonerate her from fraud.

Wherefore, the judgment is affirmed.