JUDGE HINES
delivered the opinion of the court.
On the 18th of April, 1874, appellant sold and delivered to W. W. Fenton the steamboat H. S. Turner, for near the sum of $12,000. In part payment Fenton and his wife, the appellee here, conveyed to appellant a tract of eighty acres of land in Pendleton County, Kentucky, valued at $8,000, but subject to a mortgage for $2,250. On the delivery of the boat to Fenton at Cincinnati, Ohio, he took it to Madison, Indiana, where he had repairs made at the cost of $3,031. Of this sum $1,000 was paid at the time of the repairs. After the repairs Fenton made a trip or two with the boat, being himself in charge, to Louisville, Madison, and returned to Covington, Ky. During the greater portion of this time appellee appears to have been with her husband, and to have furnished him .$1,000 for the purpose of enabling him to pay for the rer pairs. Some time in May, 1874, "W. W. Fenton had something like a paralytic stroke at Cincinnati, and on the 17th of June, 1874, an inquest of lunacy was held by the Pendleton Chancery Court, Fenton adjudged a lunatic, and his wife was appointed his committee. On the 24th of June, 1874, appellee filed a petition in equity in the Kenton Chancery Court, *492 seeking to have the conveyance to appellant set aside upon the ground that at the time of the purchase of the steamboat and the making of the conveyance "W. W. Fenton was insane, and had been partially so for three and a half years, and a confirmed lunatic for more than a year prior to the filing of the petition, that she had been induced to join in the conveyance from fear of violence to her person by her husband, and that the legal title to the land was in appellee.
At the time of filing this suit the Turner had been libeled in the District Court of the United States at Cincinnati, by the persons who had furnished the material and made the repairs mentioned, and subsequently was sold for the sum of $5,225. What became of the proceeds of the sale after paying the liens does not appear. Prior to the submission of this case in the court below, W. W. Fenton died, and the suit is now prosecuted by appellee as administratrix, and in her own right. On the hearing the court below adjudged the conveyance of Fenton and wife to appellant to be void, apparently upon the ground that W. W. Fenton was at the time insane, and directed appellant to restore possession of the land to appellee. From that decree this appeal is taken.
It appears from the admission in the pleadings of appellee and from the evidence in the case that she knew, some three years before the purchase of the boat and the conveyance of the land, that her husband was insane, and that notwithstanding the fact, she joined in the conveyance, acknowledged it separately and apart from her husband, advanced money to make the necessary repairs upon the boat, but gave no intimation to appellant of her knowledge of the condition of her husband’s mind until the lapse of two months after the purchase, nor until the boat had been seized for her husband’s debts. It was then too late for appellant to protect himself, as W. W. Fenton was insolvent.
From the weight of the evidence it appears that the land *493 was worth much less than the boat, and that therefore appellant would be a heavy loser even if the conveyance should not be disturbed.
Conceding the insanity of Fenton at the time the conveyance was made, it does not sufficiently appear that appellant was aware of it.
A consideration of the following propositions will relieve us of the necessity of making a more detailed statement of the evidence as to sanity or insanity.
First. If appellant was an innocent purchaser without knowledge of Fenton’s insanity, and the parties can not be placed in statu quo, should the court set aside the conveyance at the suit of Fenton, if living, or, he being dead, at the suit of his personal representative ?
Secondly. Will the conduct of appellee, knowing of the insanity of her husband, in concealing the knowledge from appellant, and actively manifesting a cheerful acquiescence in an approval of the purchase for two months, and until it was too late for appellant to rescind the contract, operate to estop her from making any complaint in her own right ?
The weight of modern authority is to the effect that the contract of a lunatic, particularly if made before inquest, like that of an infant, is voidable only.
Both from authority and reason the first inquiry must be answered in the negative. (Chitty on Contracts, 191; Moulton v. Cameron, Exch.; 1 Parsons on Contracts, 386; 1 Hilliard on Contracts, 310; Metcalf on Contracts, 80, 81; Wiley v. Weakly’s estate, 24 Indiana; Musselman v. Cavino, 47 ib.)
Upon the second question it is equally clear that the appellee is estopped to claim any thing in her own right. The disabilities of coverture will not be permitted to be invoked and used as a cloak for fraud. (Davis v. Tingle, 8 B. Mon. 542; Bailey v. Barnberger, 11 B. Mon. 115; Wright v. Arnold, 14 B. Mon. 513; Connolly v. Branstler, 3 Bush, 702.)
*494 Nor does it alter the case that the title to tbe land was in appellee instead of in her husband, unless, indeed, to the prejudice of appellee.
Wherefore the judgment is reversed, and cause remanded with direction to dismiss appellee’s petition.