CASE 131—PETITION EQUITY—NOVEMBER 27.

# Heck v. Fisher, &c.

APPEAL FROM HENDERSON COMMON PLEAS COURT.

1. The active participation of a married woman in the perpetration of a fraud may operate, by way of estoppel, to divest her of interest in real estate; and even where she is only a quiescent participant, she will not be allowed to derive any benefit from the fraud, if it can be prevented without divesting her of title.

2. Where the realty of a married woman has been improved by her husband, with the intent to defraud his creditors, the wife acquiescing therein. such a part of the rents and profits as is proportionate to the increase in value of the property by reason of such improvements may be subjected to the payment of the husband's debts.

THOS. E. WARD FOR APPELLANT.

1. A return of "no property" as to one of two defendants in an execution which has been replevied by the other, is a sufficient return upon which to institute an action. (Sec. 17, p. 684, Gen. Stat.)

2. The Henderson court of common pleas had jurisdiction to issue execution on a transcript from the quarterly court. (Subsec. 14, sec. 723, Civil Code; sec. 7, p. 288, Gen. Stat.; Acts 1876, chap. 42, p. 5.)

3. The improvements made by the husband were not necessary to secure a home for him and his family, and were made to defraud his creditors; and the wife having consented thereto, her property thus improved should be subjected to the payment of her husband's debts. (Robinson v. Huffman, 15 B. M., 82; Athey v. Knotts, 6 B. M., 29.)

4. Coverture cannot be made a cloak for fraud. (Rusk v. Fenton, 14 Bush, 490.)

H. F. TURNER FOR APPELLEES.

1. A married woman cannot encumber or dispose of her real estate, except in the mode pointed out by statute. (11 Bush, 251.)

2. Although the wife's land has been improved with her husband's money, it cannot be subjected to the payment of his debts. (12 B. M., 90.)

3. The tendency of modern adjudications is towards a greater protection of the rights of married women. (6 Bush, 684.)

4. The wife's land cannot be subjected because of a fraud committed by her husband, and having no power to oppose his wishes, it is immaterial whether or not she consented to the improvement. (6 Dana, 229.)

JUDGE HINES DELIVERED THE OPINION OF THE COURT.

Appellant having a judgment against appellee, J. O. Fisher, and a return of no property, instituted this suit in equity to subject a house and lot, the legal title to which is in the appellee S. E. Fisher, wife of appellee J. O. Fisher.

It is in substance alleged in the petition that S. E. Fisher held the legal title to a lot of the value of five hundred dollars, which was paid for by her husband, J. O. Fisher, before the creation of the debt sued on, but that, subsequent to the creation of the debt, the husband, at his own expense, caused a house to be erected on the lot, which enhanced the value of the lot from five hundred dollars to thirty-five hundred dollars. The petition then alleges that "said house was not built by said Fisher as a house for himself and family, and was not necessary for that purpose, and has not been used for that purpose and is not now being so used, but was built by him as an investment, and with the fraudu-

lent intent to cheat, hinder, and delay his creditors, and to put his property out of their reach and where they could not get it; and the defendant, S. E. Fisher, well knew, when said improvement was being made, that it was with such intent on the part of her husband that said property was built."

The prayer of the petition is in the alternative, first, for a sale of the house and lot to pay the debt; or, second, that it may be rented out and the rents applied for that purpose.

A demurrer was sustained to this petition. The only question presented is, can the property be subjected, on this state of fact, to the payment of the husband's debt?

It is insisted for appellees that this cannot be done, first, because of the wife's inability to contract, and, second, because it would be to divest the wife of her title to the property in violation of the statute which provides the manner in which a *feme covert* may divest herself of title to realty.

It is upon the ground that a *feme covert* cannot bind herself by contract, except in the manner prescribed by statute, that the case of Felter, &c., v. Wilson, &c. (12 B. M., 90), relied upon by appellees, is expressly based. That was an attempt to subject the land of the wife to the satisfaction of a mechanic's lien, when the work was done under contract with the husband, and not evidenced by writing signed by husband and wife, as required by the act of 1846. There is no analogy between that case and the one under consideration. The contract was made with the husband and the credit extended to him alone, as appears by the failure to bind the property of the wife in the manner provided by statute, and the fact that the wife derived an incidental benefit to her property by reason of the improvement

affords no more reason for subjecting her land than there would be for making it liable for any other contract of the husband by which she might be benefited.

While it is true, as said in Kennedy, &c., v. Ten Broeck, &c. (11 Bush, 251), that a *feme covert* can only dispose of her lands in this state in the manner pointed out by statute, it does not follow that she may not be estopped to assert title when her conduct has misled innocent parties to their prejudice; nor does it follow that she may in all cases successfully claim the fruit of her husband's fraudulent appropriation of his means to the enhancement of the value of her realty. While the rights of married women are jealously watched over by the courts, they will not permit coverture to be used as a cloak for fraud, even when the *feme covert* is a quiescent and not an active participant in its perpetration. That the active participation of a married woman in the perpetration of a fraud may operate, by way of estoppel, to divest her of interest in real estate, is quite clear. When, for instance, she announces at commissioner's sale that she will not claim dower. (Connolly v. Branstler, 3 Bush.) When in a suit to set aside a fraudulent conveyance, in which she did not relinquish dower, she answers and says that she had relinquished in another deed, it was held that she was estopped after the death of her husband to assert dower against a purchaser under the decree. (Craddock v. Tyler, 3 Bush.) It seems to us that it is equally clear that the acquiescence of the wife in the perpetration of a fraud by her husband, or by any one else, will prevent her from deriving any benefit from the fraud, when this can be prevented without divesting her of title to the real estate that may have been benefited thereby. In view of the facts of this case, which show no more than an acquiescence on

the part of the wife, it is unnecessary to decide whether an active participation in the fraud might not present such a case as would justify a court of equity in subjecting the legal title as well as the use of the wife's land.

We think this case comes within the rule laid down in Athey, &c., v. Knotts, &c. (6 B. M., 24), which was approved in Divine & Brown v. Steele (10 B. M.) In the Athey case an insolvent father appropriated money to the improvement of a lot belonging to an infant son, and it was held that the chancellor had power to rent the land and appropriate to the payment of the debts of the father the rents in proportion that the improvements had enhanced the value of the property.

That this is a case where the legal title is in a married woman instead of an infant appears to us to make no difference. In neither case does the right to subject the rents proceed upon the idea of a contract or of a power to contract on the part of the infant or married woman, but it is based upon the broad equity that no one, whether *sui juris* or not, shall be permitted to thus enjoy the gift of an insolvent debtor, to the detriment of his creditors, when it is in the power of the chancellor to reach it without depriving the innocent recipient of his or her property.

The case of Robinson v. Huffman and wife (15 B. M., 82) is in harmony with our views on the facts of this case. That was an attempt to subject the land of the wife to the extent of the improvements made at the expense of the husband. The improvements were nothing more than were necessary to render the property habitable, and, as said in the opinion, "such improvements furnished no ground for inferring the design or intentional purpose of thereby defrauding his creditors." The refusal of the court in that

Heck v. Fisher, &c.

case to subject the property appears to have proceeded upon the theory that there had been no fraudulent intention on the part of the husband, and that the increased value by reason of the improvements could not be subjected to the payment of the husband's debts without substantially taking the wife's property.

There appears no reason why the chancellor, under the state of fact presented here, may not take possession of the property by a receiver, rent it out, and pay to appellant, in satisfaction of his debt, the proceeds of the rent, in proportion that the improvements enhanced the value of the property.

Judgment reversed, and cause remanded, with direction for further proceedings consistent with this opinion.