*Jas. Stewart, for appellants.*

*Reid & Stone, Geo. W. Brown, for appellees.*

---

WM. H. COX ET AL. *v.* H. S. BISHOP.

[Abstract Kentucky Law Reporter, Vol. 2—310.]

**Husband's Claim Against Wife's Real Estate.**

When there is no fraud alleged or shown on the part of a husband and wife, and the evidence shows that the husband paid nothing to make the improvements on his wife's land, and all he contributed was in his own labor, and the improvements made were necessary to prepare the land for a home for himself and wife, the land of the wife is not subject to the husband's debts.

### APPEAL FROM GRAYSON CIRCUIT COURT.

#### March 14, 1881.

OPINION BY JUDGE HINES:

The judgment in this case appears to us to be erroneous. There is no allegation of fraud on the part of Cox and wife, and it appears from the evidence that Cox paid nothing out of his own means to make the improvements, and that what he contributed was his own labor. The improvements made were necessary to prepare the land for occupancy as a home, and so long as the title remained in Mrs. Cox it could not have been subjected to the payment of the husband's debts. *Robinson v. Huffman,* 15 B. Mon. (Ky.) 80.

There are cases where the land can be subjected to the extent of the enhanced value put upon the land by the husband's means. Under what circumstances this can be done is discussed in the case of *Heck v. Fisher,* 78 Ky. 643. But this case does not come within the rule there laid down. Nor does it matter that this is a proceeding to subject the proceeds of the sale instead of the land itself. The note for the purchase-money is made payable to Mrs. Cox, and does not belong to the husband. It is to be treated as any other chose in action belonging to the wife. Until reduced to possession by the husband a court of equity will see that she is first provided before the creditors can be allowed to subject any portion, and as the estate of the wife is small and the husband insolvent the court should have allowed it to the wife upon the ground of an equitable settlement.

Judgment *reversed* and cause remanded with directions to dismiss the petition as to Mrs. Cox.

*Conklin & McBeath, for appellants.*

*G. W. Stone, for appellee.*