SPENCER, ET AL. *v.* MILLIKEN.

[Kentucky Law Reporter, Vol. 4—856.]

**Sale of Real Estate Under Provisions of Will.**

Where a will provides for the sale of real estate under certain
conditions which arose thereafter, the petition states a good cause
for selling, all the parties in interest are made defendants and
process was issued but not served in time and the property sold
for its full value, the proceeding will not be held void either because
the warning order to non-residents was defective or because the
clerk of the court who entered up the court's judgment was the guar-
dian ad litem and became the purchaser.

APPEAL FROM SIMPSON CIRCUIT COURT.

April 28, 1883.

OPINION BY JUDGE HARGIS:

Dr. Spencer, having devised to his widow and son lots No. 23 and
43, in Franklin, Ky., for "their support and maintenance," requiring
them to be sold together if a sale should ever be deemed proper or
advisable, died in the year 1857, and his executor brought suit in
equity to sell lot No. 23 for the payment of debts, making the de-
visees defendants. A decree was rendered September 16, 1859, and
the lot was sold by a commissioner of the court on the 17th of Octo-
ber next ensuing, and the widow became the purchaser and executed
bond for the purchase-price with the appellee, Miliken, as her
surety.

7

She failed to pay the bond, execution was issued thereon and the lot No. 23 was levied on and sold, and to save himself from loss Milliken purchased it. The sale to the widow was confirmed, and the sheriff made Milliken a deed. The defendants to the executor's suit were nonresidents at its institution, and they were warned to appear.

It is contended because the warning order only ran thirty days that the sale was void, and the son can recover the lot in this action, which was brought in 1879, nineteen years after the confirmation of the sale and five years after he became of age, when the records show that appellee was an innocent purchaser for full value at the time of the sale, and has since occupied and improved the property and relied upon the title made by the court in pursuance of the confirmation, and by the sheriff in pursuance of the execution sale; and that the trustee of the infant son was a party in a suit brought by the widow to sell lot No. 43 for the support and maintenance of herself and son and filed an answer in that case which was consolidated with the suit of Spencer's executor against the widow and son aforesaid.

In the suit brought by Mrs. Spencer the son and trustee were made defendants, and process was served upon the son only one day before the term at which the judgment was rendered, but his trustee was regularly before the court and answered. The lot (43) was decreed to be sold and the sale was made. Milliken became the purchaser, and the sale was confirmed and he received a deed for that lot which he also possessed, improved, and claimed as his own for about nineteen years. The son, at the age of 26 years, in the year 1879, brought this action for the lots No. 23 and 43, alleging that his mother had died and he was her only heir, and that judgment of the court and the sales in pursuance thereof were void. The court rendered a judgment for Milliken, who pleaded, in apt terms, the judgments, sales, confirmations, deeds, possession and limitations which existed, as above indicated.

The sale of lot No. 23 to pay debts was alleged to be necessary to pay the debts of the testator, and the petition therefore stated a good cause of action within the jurisdiction of the court; and if the evidence did fail to sustain the allegation, nevertheless the court believed it was sufficiently shown, and the judgment, therefore, was erroneous and might have been reversed, but it was not and is not void. Besides, the evidence shows that the widow used the money on hand to support herself and son, thereby making it necessary to

sell the lot No. 23 to pay the outstanding debts against her husband's estate. This court has held, in *Browinski v. Phelps,* 11 Ky. Opin. 207, 3 Ky. L. 59, that the failure to appoint a guardian ad litem for infant defendants, and the fact that no answer was filed for them when the estate was sold to pay their ancestor's debts, did not affect the title of an innocent purchaser.

But in any event Mrs. Spencer, were she living, would be estopped to claim either of the lots or any interest in them, for she was the sole cause of the sale of lot No. 23, and evidently consumed its value, and she procured by suit the sale of lot No. 43, the purchase-money of which she helped to consume when she was free from disability. *Foster v. Shreve,* 6 Bush. (Ky.) 19; *Brothers. v. Porter,* 6 B. Mon. (Ky.) 106; *Stone v. Werts,* 3 Bush (Ky.) 486; *Connolly v. Branstler,* 3 Bush (Ky.) 702, 96 Am. Dec. 278. The heirs can stand in no better attitude than she as to her interest.

The son's trustee was a party to the consolidated actions, and appeared and filed an answer for him. There was also a guardian ad litem appointed by the court, and the will, instead of contravening a sale, actually contemplated the necessity of a sale. Where the state of facts contemplated by the will had arisen, and the petition stated a good cause of action and made all the parties in interest defendants, and process was issued but not served in time, and the property sold for its full value, will the proceedings be held void either because the warning order was defective and the process was acted on prematurely, or the clerk of the court rendering the judgment was the guardian ad litem and became the purchaser?

In the case of *Downing's Heirs v. Ford,* 9 Dana (Ky.) 391, it was held, even without the service on the infant, if the guardian appeared and answered for him the judgment was not void but voidable. This case was preceded by *Bustard v. Gates,* 4 Dana (Ky.) 429, which laid down the same rule. These views are not affected by the old code then in force, nor is there anything in *Newcomb's Exrs. v. Newcomb,* 13 Bush (Ky.) 544, 26 Am. Rep. 222, in conflict with them.

The son was under fourteen years of age when the judgments were rendered, he was unable to defend had he been presnt in court, and all that could have been done, had he been present, was done by his trustee and the guardian ad litem; and this position seems to receive recognition by Code 1876, § 52, which makes no provision

for the service of process on infants under fourteen years of age, but requires the process to be served for them on others, whose relationship will be most likely to create an interest in their behalf.

We are constrained, in support of the great necessity, which demands that judicial sales shall be maintained, to hold that the judgments were not void and that the clerk, although a guardian ad litem and a party in that capacity to the record, might purchase as well as any one else, there being a trustee of the infant before the court to protect his interest, and such trustee having answered and taken charge of the infant's defense.

Wherefore the judgment is *affirmed*.

*T. O. Townsend, G. W. Whitesides, for appellants.*

*John M. Galloway, for appellee.*

[Cited, *Hulsewede v. Churchman's Exrx.,* 111 Ky. 51, 21 Ky. L. 487, 63 S. W. 1; *Elliott v. Fowler,* 112 Ky. 376, 23 Ky. L. 1676, 65 S. W. 849.]