G. H. BARBOUR, ET AL, *v.* F. H. GAINES, ET AL.

[Abstract Kentucky Law Reporter, Vol. 5—690.]

**Defrauding Creditors.**

> Where a husband who is heavily in debt by the expenditure of his own money and credit improves his wife's real estate by the erection of a building thereon, his creditors may subject the value added to the property by the husband to make assets to pay their claims. Such an investment of the husband's means is a fraud against creditors, especially when the wife knows all the facts and permits it.

APPEAL FROM CARROLL CIRCUIT COURT.

January 31, 1884.

OPINION BY JUDGE LEWIS:

In 1874 Milner and wife conveyed to Elnora A. Gaines, the wife of appellee, F. H. Gaines, but who has died since this appeal was taken, a certain lot in the town of Ghent, Carroll county, the consideration expressed in the deed being $350, of which $50 was

acknowledged paid, and two notes of $150 each executed by Elnora A. and F. H. Gaines for the payment of which a lien upon the land was reserved in the deed.

This action was brought September 11, 1876, by appellants to subject the lot and improvements put thereon after the conveyance by Milner and wife to the satisfaction of a judgment they had recovered in 1873 against F. H. Gaines upon which an execution had been issued and returned in substance "no property found." It is alleged in the petition that the lot and improvements thereon were bought and paid for by F. H. Gaines with his own means and the title to the same was made to his wife with the fraudulent intent to cheat, hinder and delay his creditors.

There is some difficulty in determining how much, if anything, was paid by Elnora A. Gaines towards either the lot or improvements. She states that she paid $50 for the lot, and paid the balance of $500 given to her a few months previously by her father in the purchase of lumber for the erection of the improvements. The gift to her of the $500 by her father for the purpose of buying for her a home is testified to by another witness besides herself, but it is not stated that all or how much of the $450 was expended for lumber. But if it be accepted as true that she paid the whole $500 upon the lot and improvements, she yet has not contributed one-third of what the entire property cost, the cost of the improvements alone being by some of the witnesses estimated at more than $1,200, and if the amount of $450 was expended by her for lumber the aggregate cost of the improvements alone must have exceeded $1,300.

It is proved that F. H. Gaines, the husband, contracted in his own name and agreed to pay to mechanics who put the improvements upon the lot about the sum of $825. But of that sum he has never paid but about the sum of $291, nor can the balance ever be coerced from him, for after the erection of the improvements he obtained a discharge in bankruptcy. Thus it is that at an expenditure on the part of the wife of her own means of not over $500, besides the balance due of the purchase price of $300, she and her husband have the use and enjoyment of a lot and improvements worth at least $1,500.

It is true the husband deliberately defrauded the mechanics of nearly the entire amount of their wages, and thereby to that ex-

tent got their services for nothing. Nevertheless, it was upon his credit and by contracting in his own name with them that the improvements were put on the lot, for which the mechanics can not now coerce payment out of Mrs. Gaines or subject the property.

In our opinion the expenditures actually made by F. H. Gaines, the husband, and the improvements put upon the lot upon his credit and agreement to pay therefor, were done to defraud his antecedent creditors like appellants, and as the wife acquiesced. in his conduct the lower court ought, according to the principles announced in the case of *Heck v. Fisher,* 78 Ky. 643, to have rendered judgment directing the lot and improvements to be leased and the payment to appellants in satisfaction of their debt of the proceeds of the rent in the proportion that the improvements paid, contracted for or put upon the lot upon the credit of the husband, enhanced its value.

The judgment must be *reversed* and cause remanded for further proceedings consistent with this opinion.

*W. B. & H. M. Winslow,* for appellants.

*Masterson & Garent, W. M. Fisher, E. W. Hines,* for appellees.

[Cited, *Newcomb v. Phillips,* 10 Ky. L. 551, 9 S. W. 529.]