## T. J. Smith's Admr. *v.* Uriah Blair, et al.

[Abstract Kentucky Law Reporter. Vol. .5—687.]

**Administrator's Sale of Real Estate.**

The owner of an interest in real estate who has notice of a sale thereof by an administrator, and who acquiesced therein and accepted some of the proceeds thereof, is precluded in equity from asserting claim to such land or the possession thereof.

### APPEAL FROM MARION CIRCUIT COURT.

February 2, 1884.

Opinion by Judge Lewis:

It is neither alleged nor proved in this case that the sale in 1874 by J. B. Lancaster, administrator of E. B. Lancaster, deceased, of the undivided three-fourths of the twenty-five acres of land belonging to E. M. Spalding, Kate Lancaster and S. L. Todd, heirs of the decedent, was fraudulently made, or that the consideration therefor was less than the value of the estate sold. On the contrary there is enough in the record to show that the sale was made, possession delivered to the purchaser, Blair, and a note for the purchase-price executed by him to the administrator with the knowledge and consent of the owners of the interest in the land sold. It further appears that upon the faith of the acquiescence of the owners of three-fourths so sold to him the purchaser made

a payment to J. B. Lancaster on the note and another payment, in 1875, to the assignee, whose administrator is plaintiff in this action.

Afterwards, in a settlement of his accounts as administrator with the county court, J. B. Lancaster accounted for and was charged with the amount of the note given to him by Blair, of which settlement the owners of the thre-fourths interest must be presumed to have had notice and acquiesced in. In fact, each of them received from J. B. Lancaster a portion of the balance found due by that settlement to them respectively, and afterwards when he was adjudged a bankrupt by the United States District Court, claimed and received further payments upon the balance found due by the county court settlement.

The sale to Blair is not repudiated, even now, but the former owners of the three-fourths interest express their willingness for the title to be made to the purchaser, Blair, contending, however, that they and not the assignee of the note are entitled to recover the amount thereof less what has been accounted for by J. B. Lancaster. Having notice of the sale of the land to Blair the owners had a right to disown and annul it. But instead of doing so they acquiesced in the purchase and part payment for the land by Blair, and also in the purchase of the note by the assignee, by reason of which they were both prejudiced, the first to the extent of the payment made by him on the note and the latter to the full amount he paid for the note.

Under the circumstances appellant is in equity now precluded from asserting claim to the note in the hands of the assignee or disturbing the purchaser, Blair, in his possession of the three-fourths interest in the land, which the court should now cause to be conveyed to him. *Stone v. Werts*, 3 Bush (Ky.) 486.

Judgment *reversed* and cause remanded for further proceedings consistent with this opinion.

*Roundtree & Lisle, for appellant.*

*W. B. Harrison, for appellees.*