CASE 12.—ACTION BY WILLIAM A. REISERT, AGAINST
ABRAHAM SEGAL FOR SPECIFIC PERFORMANCE
OF A CONTRACT FOR A SALE OF REAL ESTATE
—February 6.

## Segal v. Reisert

Appeal from Jefferson Circuit Court; (Chancery
Branch, First Division).

SHACKELFORD MILLER, Judge.

Judgment for plaintiff, defendant appeals — Af-
firmed.

1.  Dower — Incohate Interest — Bar — Judicial Sale.—Weissinger
    Act 1894 (Laws 1894, p. 176, c. 76) gives married women the
    right to contract and be contracted with, except as to execu-
    tory contracts concerning real estate, and to sue and be sued
    as may single women.  Civ. Code Prac. section 397, provides
    that a conveyance made pursuant to a sale ordered by the
    court shall pass to the grantee the title of all parties to the
    action or proceeding.  Held that, where the wives of certain
    tenants in common joined their husbands in an action for
    the sale of the land for division, authorized by section 490.
    such women were bound by the judgment confirming the
    sale, and were estopped to, assert a dower interest in the
    property, because of the absence of a privy examination
    required by section 495.
2.  Judgment — Collateral Attack — Jurisdiction — Presumption.—
    Every jurisdictional fact which the record of the judgment
    of a court of general jurisdiction does not affirmatively show
    was absent must be presumed in favor of the judgment on
    a collateral attack.

3.  Partition—Confirmation of Sale—Collateral Attack.—Where a
    judgment confirming a judicial sale of land in an action by
    tenants in common for division, in which their wives were
    properly joined as complainants, was attacked collaterally by
    the answer in a suit for specific performance, an allegation
    was insufficient to raise the issue of the court's jurisdiction
    to bar the dower interest of such feme plaintiffs, because of
    the absence of a privy examination required by Civ. Code
    Prac. section 495, where it merely alleged that none of them
    consented on a privy examination to a sale of the land free
    of dower, and that no privy examination was made of any
    of them, and did not allege that the absence of such juris-
    dictional fact affirmatively appeared from the record.

E. L. McDONALD for appellant.

POINTS AND AUTHORITIES.

1.  The fact that married women are joined with their hus-
bands as plaintiffs in an action to sell indivisible real estate
jointly held under the provisions of section 490 of the Code, did
not (prior to the amendment of March 17, 1902) dispense with
the requirements of section 495 of the Code, by which consent
upon privy examination is made a prerequisite to a sale free
from the right of dower of a married woman of sound mind;
and a sale in such case in which there is no such consent and
no compensation for the right of dower does not pass same.
(Woman's Club Corporation v. Reed, 111 Ky., 806; 23 Ky. Law
Rep., 1346 and 1353; Reed v. Reed, 25 Ky. Law Rep., 2324.)

2.  The power of the court to sell the real property of persons
under disability is purely statutory. (Walker v. Smyser, 80 Ky.,
620.)

3.  The married women are not estopped to claim dower in
property sold in such action by reason of the mere fact that
they are parties plaintiff in such action. Cases discussed. (Meri-
wether v. Sebree, 2 Bush, 232; Connolly v. Branstler, 3 Bush,
702; Beverly v. Waller, 115 Ky., 596; Floyd, etc. v. Mackey, 112
Ky., 646, 657; L. St. L. & T. Ry. Co. v. Stephens, 14 Ky.
Law Rep., 919.)

4.  Section 397 of the Code which provides that a commis-
sioner's deed made under order of court shall pass the title of
all the parties to the action, has no application to this case, it
being effective only to the extent of the jurisdiction of the court
over the parties and subject matter of the action. (Hilton v.
Belcher, 24 Ky. Law Rep., 927; Goodwin v. Wilson, 24 Ky. Law
Rep., 1521.)

Segal v. Reisert.

5. There is no conclusive presumption in this case that the requirements of section 495 were complied with, the record being merely silent on the subject; the exercise of such special powers must appear on the record, and moreover the allegation of the answer that they were not complied with must be taken as admitted on this appeal, a demurrer to said answer being sustained. (23 Cyc., 1081; Berry v. Foster, 22 Ky. Law Rep., 745 distinguished; Maysville, etc. R. R. Co. v. Ball, 108 Ky., 241 distinguished.)

THOMAS W. and A. SCOTT BULLITT and JAMES HEMPHILL for appellee.

POINTS AND AUTHORITIES.

1. Under the uniform decisions of this court, recognized and approved in the very case of Womans ·Club v. Reed relied on by appellant, the women in this case are estopped to claim dower, even supposing for the sake of argument that it was not legally divested. (Meriwether v. Sebree, 2 Bush, 232; Connolly v. Branstler, 3 Bush, 702; Womans Club v. Reed, 111 Ky., 810.)

CASES DISTINGUISHED.

Womans Club v. Reed 111 Ky., 806; Beverly v. Waller, 115 Ky., 596; Floyd v. Mackey, 112 Ky., 646; L. St. L. & T. Ry. Co. v. Stephens, 14 Ky. Law Rep., 919.)

2. Under the plain provisions of section 397 of the Code, the dower interests of these women, as parties to the action, legally vested in the purchaser. (Civil Code, section 397; Woman's Club v. Reed, 111 Ky., 806 distinguished.)

3. The answer fails to allege that the record affirmatively shows that no privy examination was made, while at the same time showing that only collateral proceedings are now open to the married women. Therefore the demurrer was properly sustained. (Berry v. Foster, 22 Ky. Law Rep., 745, 58 S. W., 709; Maysville, &c., R. R. Co. v. Ball, &c., 108 Ky., 241.)

OPINION OF THE COURT BY JUDGE BARKER—Affirming.

Appellant, Abraham Segal, and appellee, William A. Reisert, entered into a written contract whereby the appellee agreed to sell, and the appellant agreed

to buy, a house and lot in Louisville, Ky., for a stipulated consideration, the owner to convey a good and merchantable title to the property. In execution of this contract the appellee prepared a deed conveying the property to appellant, conforming in all respects to the contract, and tendered it to him. The appellant refused to accept the deed, or pay for the property, and thereupon the appellee instituted this action for specific performance. The petition set out the contract and all of the foregoing facts, and prayed judgment requiring the appellant to specifically perform his agreement. Appellant filed an answer in which he denied that the appellee had a merchantable title to the property he proposed to sell, and then alleged the following facts as showing the defects therein: "On the 23d day of July, 1896, said land was owned in fee simple by the following persons, jointly: Annie Stadtler, Julia Hartman, Pauline Schmidt, Joseph Gall, Charles Gall, Louis Gall, and Edward Gall. Each owned an undivided one-ninth thereof. The four children of Amelia Harding, then deceased, owned jointly another one-ninth thereof, and the four children of Louisa Schmidt, then deceased, owned jointly the remaining one-ninth interest. On the 23d day of July, 1896, the owners of said land, other than the said children of Amelia Harding and the children of Louisa Schmidt, brought an action in equity in the Jefferson circuit court, No. 11,406, against the children of Amelia Harding and the children of Louisa Schmidt, alleging that the plaintiffs and defendants owned and were in possession of the said land, that said land could not be divided without materially impairing its value, and praying that said land be sold and the proceeds of sale be divided among the owners in fee simple thereof; and such proceedings were had

in said suit that a judgment was rendered declaring said land to be indivisible, without materially impairing its value, and ordering a sale thereof. Pursuant to said judgment said land was sold to J. H. G. Wellbaum for the sum of $1,800, which was paid into court by him, said sale was confirmed, and a deed executed by the commissioner to him purporting to convey all the right, title, and interest of the parties to said action. Defendant refers to and makes part of this answer the record in said action. Said Wellbaum then conveyed his interest in said land to Hannah Murphy, who reconveyed the same to said Wallbaum, who then conveyed the same to James S. Buchanan, who conveyed it to the plaintiff in this action. At the commencement of said action No. 11,406 Elizabeth Gall was and is now the wife of the plaintiff Joseph Gall, Kate Gall was and is now the wife of the plaintiff Charles Gall, and that Barbara Gall was and is now the wife of the plaintiff Edward Gall, and each of said wives had a contingent right of dower in the shares owned by their respective husbands in said land. This defendant admits that said married women united with their husbands as plaintiffs in said action, but alleges that none of them consented upon privy examination to the sale of said land, free from her right of dower, that no privy examination was made of any of them, that said land was not sold free from their respective interests, and that no compensation was made to any of them out of the proceeds of sale thereof. The defendant says that the said married women are each entitled to a contingent right of dower in said land, and that the title of the plaintiff to said land is subject to such rights." A general demurrer was sustained to the answer, and, the appellant declining to plead further,

a judgment for specific performance in accordance with the terms of the contract was awarded, and of this the appellant complains.

The one question presented is whether or not the wives of Joseph Gall, Charles Gall, and Edward Gall have contingent rights of dower in the property in question. If they have, then the court erred in awarding a judgment for specific performance. If they have not such rights, then the judgment must be affirmed. The proceeding by the tenants in common, in action No. 11,406 in the Jefferson circuit court, was, under section 490 of the Civil Code of Practice, to sell the property because of indivisibility, in order that the proceeds might be divided between the respective owners. In this action the wives were plaintiffs, and joined in the prayer for a sale of the property and a division of the proceeds. The answer in this case alleges that, while the married women united with their husbands as plaintiffs in action No. 11,406, none of them consented upon privy examination to the sale of the land free from her right of dower, and that no privy examination was made of any of them. Assuming, for the present, that this allegation is sufficient to raise the question as to whether or not the dower rights of the married women still inhere in the property, or whether the purchaser at decretal sale obtained a fee simple title, it remains for us to examine the effect of the judgment and sale thereunder at the suit of the husbands and their wives. Section 495 of the Civil Code of Practice, as applicable to the question in hand, is as follows: "If a woman have a vested or contingent right to dower in land ordered to be sold pursuant to the provisions of this chapter, the court, with her consent, to be taken upon privy examination if she be married, and

of sound mind, or without her consent if she be of unsound mind, may order a sale of the land free from her right; and shall provide for reasonable compensation to her out of the proceeds of sale, or that she shall have the same right in property purchased with the proceeds as she had in the property sold.'' In the case of the Woman's Club Corp. v. Reed, 111 Ky. 806, 64 S. W. 739, 23 Ky. Law Rep. 1346, it was held that, where the wife was not a party to the proceeding to sell property for division under section 490 of the Civil Code of Practice unless section 495 was complied with, her contingent right of dower did not pass to the purchaser. But it does not follow that, where the married woman is a party plaintiff and actively participates in the litigation in which the sale is procured, her contingent right of dower in her husband's property will follow it in the hands of the purchaser. The very object of the wife's being joined as party plaintiff is for the purpose of passing her right of dower. She has no other interest in the property, and, unless this is to be accomplished, she is not a proper party to the litigation. If a married woman, who joins her husband for the purpose of procuring a judicial sale of the property of the husband for division under section 490, may afterwards, because section 495 was not complied with, claim dower in the land as against the purchaser or his vendee, then she would be allowed to take advantage of her own wrong, and perpetrate a fraud upon the purchaser. The judgment procured in this case purports to sell a fee-simple title to the purchaser, and this judgment was procured by the active participation of the married women in question. In Connolly, etc., v. Branstler, 3 Bush, 702, 96 Am. Dec. 278, it was held that a wife who at a decretal sale of a house and lot, made

for the benefit of the creditors of her husband, announced to the bidders attending the sale that she would not claim dower as against any person who became the purchaser of the property, was afterwards estopped from asserting dower as against the purchaser or his vendees. This opinion was approved in Heck v. Fisher, etc., 78 Ky. 643, where it was said: "While the rights of married women are jealously watched over by the courts, they will not permit coverture to be used as a cloak for fraud, even when the feme covert is a quiescent and not an active participant in its perpetration. That the active participation of a married woman in the perpetration of a fraud may operate, by way of estoppel, to divest her, of interest in real estate, is quite clear." In the case of Rusk v. Fenton, 14 Bush, 490, 29 Am. Rep. 413, it was held that, where the wife participated with her insane husband in the sale of a boat to one who did not know of the husband's infirmity, she would be estopped after the death of her husband to claim anything from the purchaser in her own right, and the case of Connolly v. Branstler, supra, was cited as authority for that position. In the case of Floyd and Wife v. Mackey, 112 Ky. 646, 66 S. W. 518, 23 Ky. Law Rep. 2030, it was said: "Undoubtedly the active participation of a married woman in the perpetration of a fraud may operate, by way of estoppel, to divest her of interest in real estate"—citing, among others, Connolly v. Branstler. In the case of Dulaney, etc., v. Figg, etc., 123 Ky. 291, 94 S. W. 658, 29 Ky. Law Rep. 678, the rule announced in Connolly v. Branstler was approved, as was also the following excerpt from Bull v. Sevier, 88 Ky. 515, 11 Ky. Law Rep. 32, 11 S. W. 506: "The doctrine of equitable estoppel is applicable to married women, as well as those not

under any disability. It is far reaching, and is complete when a party is seeking an equitable advantage which, in view of his own conduct, he ought not to obtain. It is sufficient if it will work a fraud to the other party. Actual fraud is not necessary.'' See, also, 2 Pomeroy's Equity Jurisprudence, section 814. It seems to us that the case at bar calls more imperatively for the application of the doctrine of equitable estoppel to the right of the married women to claim dower in the land in question than in the cases cited. If a married woman can estop herself at all by conduct or declaration, joining with her husband in an action seeking to sell the fee-simple title of the husband's property, demands the application of the principle for the protection of the purchaser. The very act of joining as plaintiff is a declaration to all the world that the property is to be sold free from her right of dower. The purchasers here so understood it, as evidently did every one else connected with the case. It would work a grevious wrong, indeed, on the vendees of the purchaser at the judicial sale thus obtained at the suit of the wives, to allow them now to claim that they have contingent rights of dower. Neither the cases of Meriwether v. Sebree, 2 Bush, 232, nor Beverly v. Waller, etc., 115 Ky. 596, 24 Ky. Law Rep. 2505, 74 S. W. 264, 103 Am. St. Rep. 342, nor any of the other cases cited by counsel for appellant, militate against the soundness of the rule announced in Connolly v. Branstler, supra, and the cases following it herein cited. Since the passage of the Weissinger act in 1894 (Laws 1894, p. 176, c. 76) married women have been clothed with the right to contract and be contracted with (except to make executory contracts concerning their real estate), sue and be sued as may single women; and

in the case of Turner, etc., v. Gill, etc., 105 Ky. 414, 49 S. W. 311, 20 Ky. Law Rep. 1253, it was held that under the provisions of this act married women who were partners to the litigation were bound by the judgment as any other litigant. This being true, it is difficult to see why, under section 397 of the Civil Code of Practice, all the title the married women in this case had in the property did not pass to the grantee under the commissioner's deed. Section 397 is as follows: "A conveyance made in pursuance of a sale ordered by the court shall pass to the grantee the title of all the parties to the action or proceeding." At the time the action in which the land involved herein was originally sold for a division of the proceeds, the Weissinger act was in full force and effect, and the married women being parties to that action, their rights were concluded by the judgment, and passed to the purchaser at the sale had.

It is insisted by appellee that the allegation of the answer is not sufficient to raise the question as to whether or not the infirmity in the title which we have discussed above arises upon the record. In order to bring the matter before our mind, we will again set forth the particular allegation of the answer on this subject: "This defendant admits that said married women united with their husbands as plaintiffs in said action, but alleges that none of them consented upon privy examination to the sale of said land, free from her right of dower, that no privy examination was made of any of them, that said land was not sold free from their respective interests, and that no compensation was made to any of them out of the proceeds of sale thereof." The Jefferson circuit court, wherein the judgment was had, is one of general jurisdiction, and every jurisdictional fact which the record does

not affirmatively show was absent must be presumed in favor of the judgment in a collateral attack (as here) upon it. In the case of Berry v. Foster, 58 S. W. 709, 22 Ky. Law Rep. 745, an assignee for the benefit of creditors brought suit to sell his assignor's land and settle his trust. The wife of the assignor was made a defendant, and the petition prayed that the entire title be sold. This was done; and after some years the wife filed suit to recover dower in the property sold, on the ground among others that there had been no privy examination of her, and therefore the judgment as to her was void. The court held that, assuming that a privy examination was necessary to jurisdiction in the case, yet it must be presumed in a collateral proceeding to have taken place. In the opinion it is said: "The chief objection made to the proceedings is that there appears in the record no privy examination of the wife. It is insisted that for this the judgment is void. This view cannot be maintained, for the reason that, if privy examination was necessary to give the court jurisdiction, it must be presumed, in a collateral proceeding, to have been had; the record being merely silent on the subject. The rule is thus stated in Freeman on Judgment, section 125: 'Nothing shall be intended to be out of the jurisdiction of a superior court but that which expressly appears to be so. Hence, though the existence of any jurisdictional fact be not affirmed upon the record, it will be presumed upon a collateral attack that the court, if of general jurisdiction, has acted correctly and with due authority, and its judgment will be valid as though every fact necessary to jurisdiction affirmatively appeared.' This rule was adopted by this court in Newcomb's Ex'r v. Newcomb, 13 Bush, 544, 26 Am. Rep. 222, where it is said,

after a full investigation of the authorities: 'The presumption is always indulged in favor of the jurisdiction of courts of general jurisdiction, and they cannot be assailed in collateral proceedings and adjudged void, for the reason that the evidence of some preliminary step to be taken in the inception of the action is not found among the files of the clerk, in whose office they are required to be kept. But few jurisdictions are to be found opposed to this wise and just rule, and it may be regarded as the established doctrine on the subject.' '' And in the case of Maysville & B. S. R. Co. v. Ball, etc., 108 Ky. 241, 56 S. W. 188, 21 Ky. Law Rep. 1693, a collateral attack was made on a judgment upon the ground that it was void for want of service of process on the defendant. Upon this question the court said: "The attack on the judgment is not direct, but collateral. It is a well settled rule that domestic judgments rendered in a court of general jurisdiction cannot be collaterally attacked unless the want of jurisdiction appears upon the record. Therefore, no evidence is admissible except that which is furnished by the record of the action wherein the judgment was rendered. Of course, the rule is otherwise when a direct attack is made upon a judgment. The answer that the defendant was not served with process, and did not appear in the action, etc., is insufficient, because it also should have alleged that the record shows such to be the case. In Van Fleet on Collateral Attack (section 855) it is said: 'An answer to an action on a domestic judgment, where special pleading is required or attempted, must not only deny service and appearance, but must allege what the record shows or fails to show on these points. * * * Hence an answer to an action on the record of any court must

allege that it does not show any service or appearance, and, if the record is that of a superior court, it must allege that it affirmatively shows a want of service.' 1 Black, Judgments, section 271, announces the same doctrine, wherein it is said: 'When a party seeks in a collateral action to impeach the judgment or decree of a court of superior jurisdiction on the ground that he had no legal notice of the pendency of the action, it is necessary that he should allege in his pleading what, if anything, is shown by the record in relation to the issue and service of process, because, unless the record itself shows that the court never acquired jurisdiction of him, it will be conclusively presumed that the jurisdiction did attach.' " To the same effect are the following authorities from other jurisdictions: Gulickson v. Bodkin, 78 Minn. 33, 80 N. W. 783, 79 Am. St. Rep., 352; Ryder v. Cohn, 37 Cal. 69; Greenway v. De Young, 34 Tex. Civ. App. 583, 79 S. W. 603;Iiams v. Root, 22 Tex. Civ. App. 413, 55 S. W. 411; Haupt v. Simington, 27 Mont. 480, 71 Pac. 672, 94 Am. St. Rep 839.

It would seem from these authorities that, where a collateral attack is made upon a judgment of a court of general jurisdiction, it is not sufficient to simply allege the absence of a jurisdictional fact; but it must be alleged that the record affirmatively shows the absence of the jurisdictional fact. This the answer in the case before us fails to do, and for aught that appears here the record in the case in which the property was sold may affirmatively show that the married women were privily examined, as required by section 495 of the Civil Code of Practice, and, if it does, or it would seem even if it were silent upon the question, it must be conclusively presumed in

favor of the judgment that the privy examination was had.

The court did not err in sustaining the general demurrer to the petition, and the judgment is therefore affirmed.