### FAIRHAVEN GOLD DREDGING CO. v. GOLDEN CENTER MINES.

Second Division. Nome. October 15, 1927.

No. 3052.

**1. Estoppel ⬨83(1)—Mines and Mining.**

The plaintiff, in order to induce the defendant to take a lease on property of which it was lessor and in possession, represented to defendant that plaintiff would abandon its lease and deliver said properties to the defendant, with the understanding that, out of the royalties and/or purchase price, under defendant's option, the owner would pay the plaintiff the sums due plaintiff from the owner. Relying upon these representations, defendant took the lease and option from the Keewalik Company, owner. Defendant paid plaintiff a large sum of money on its account against the Keewalik Company, and brought suit against the defendant to recover the remainder. On demurrer to the complaint, *held*, plaintiff is estopped to deny its agreement by which it induced defendant to take the property.

**2. Estoppel ⬨110—Pleading.**

Estoppel must be pleaded, to avail as a defense.

**3. Estoppel ⬨52—Rule of Evidence.**

Estoppel is only a rule of evidence.

This is an action for goods sold and delivered. The answer to the complaint is a general denial and a special affirmative plea of estoppel. To the affirmative matter in answer, plaintiff demurs, generally. The hearing was on the demurrer. Briefly stated, the answer alleges the following facts, which, on demurrer, are admitted:

Plaintiff was the lessee of and in possession of mining claims and personal property belonging to the lessor, the Keewalik

---

⬨See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Mining Company, and other personal property belonging to it individually, and used in mining said claims. The Keewalik Mining Company and the plaintiff thereupon, through their representatives, in order to induce this defendant to take a lease and option to purchase said properties from the Keewalik Mining Company, represented to the defendant that plaintiff would abandon its lease and deliver said properties to defendant, with the understanding that out of the royalties and/or purchase price, under the option, the Keewalik Mining Company would pay to plaintiff the value of its personal property aforesaid, $10,111.53, and other considerations, totaling in all $120,000, this sum to be added to, and included in, the purchase price to be paid by defendant to the Keewalik Mining Company for the properties; that, relying upon said representations, the defendant took the lease and option, and plaintiff abandoned its lease and delivered the premises and personal properties aforesaid. Defendant has paid to the Keewalik Mining Company about $40,000, to apply on royalties and purchase price, of which sum the plaintiff has received about $10,000.

Lyons & Orton, of Seattle, Wash., for plaintiff.
O. D. Cochran, of Nome, for defendant.

LOMEN, District Judge. The question arising on the pleadings is, then: Does the answer show that plaintiff should be estopped from making claim of, or prosecuting its action against, defendant for goods sold and delivered? We think it does, and that the demurrer should be overruled.

Plaintiff relies principally upon the case of Union Mutual Life Ins. Co. v. Mowry, 96 U. S. 544, 24 L. Ed. 674, in support of its demurrer. We find therein expressed an exception to a general rule in the following language:

"The only case in which a representation as to the future can be held to operate as an estoppel is where it relates to an intended abandonment of an existing right, and is made to influence others, and by which they have been induced to act."

The representations here seem to fall within the exceptional rule. By receiving part payment of the moneys due it from the Keewalik Mining Company, the plaintiff would seem to have ratified the agreement made by defendant and the Kee-

walik Mining Company, if the delivery of the personal property to the defendant was not also a ratification. If so, the plaintiff must look to the Keewalik Mining Company, and not to the defendant, for the value of its property. "Bona fides non patitur ut bis idem exigatur." Good faith does not allow us to demand twice the payment of the same thing. And it has been held that where a widow, on a sale of her husband's estate, authorized the salesman to announce, "as he did, to the attending crowd, that she would not claim dower against any person who should become the purchaser, * * * although her declaration to the bidders did not legally alienate her·dower, yet, the sale being made on the faith of it, she is equitably estopped from asserting dower against the purchaser"—or, we add, sue for the value of the dower. Connolly v. Branstler, 3 Bush (Ky.) 702, 96 Am. Dec. 278. We see little, if any, difference in principle between the case last cited and the case at bar.

Inasmuch as an estoppel must be pleaded in order to avail, and inasmuch as an estoppel "is only a rule of evidence," and not a cause of action, and because there was privity of estate, and the estoppel, if any, reciprocal, we think the demurrer should be, and the same is hereby, overruled.

END OF CASES IN VOL. 7