Craddock vs. Tyler, &c.

CASE 91—PETITION EQUITY—MAY 26.

# Craddock vs. Tyler, &c.

### APPEAL FROM LOUISVILLE CHANCERY COURT.

In a suit, to set aside as fraudulent, a conveyance of land, in which the vendor's wife did not relinquish her potential right of dower, the land was subjected, and sold by decree of the court. The vendor's wife being made a party to the suit during coverture, swore to and filed her answer therein, setting up and alleging that she had, in another deed, relinquished her right of dower in the land in controversy. Although the deed referred to in her answer was lost, or not acknowledged and recorded, and never filed in said suit, and never made effectual against her, after the death of her husband, she is estopped from recovering dower in the land against the purchasers at said decretal sale, and those holding under them.

PIRTLE & CARUTH,                                    For Appellant,

CITED—

5 *J. J. M.*, 136; *Tomlin vs. McCord's reps.*

5 *J. J. M.*, 124; *Prewett vs. Graves.*

21 *Georgia R.*, 161; *Royster vs. Royster.*

1 *Washburn on Real Property*, 202.

5 *Mon.*, 518; *Warfield et ux. vs. Castleman.*

7 *J. J. M.*, 40; *Kay vs. Jones,*

3 *Met. (Mass.)*, 40; *Robinson vs. Bates.*

5 *Ohio (N. S.)*, 70; *Woodworth vs. Paige.*

Craddock vs. Tyler, &c.

I. & J. CALDWELL, For Tyler.

BODLEY & SIMRALL, For McReynolds,
CITED—

3 *Howard* (*Mi.*), 205 ; *Randolph vs. Doss.*

6 *Mass.*, 418 ; *Walcott vs. Knight.*

11 *Mass.*, 298 ; *Pixley vs. Bennett.*

18 *Ohio*, 567 ; *Taylor vs. Fowler.*

5 *Ohio*, 70 ; *Woodworth vs. Paige.*

10 *Ohio*, 339 ; *Carter vs. Walker.*

3 *Harrison N. J. Repts.*, 87.

17 *B. Mon.*, 307 ; *Bibb vs. Baker.*

2 *Met.*, 408 ; *Yancy vs. Smith.*

JUDGE HARDIN DELIVERED THE OPINION OF THE COURT:

This was a suit of the appellant to recover dower as the widow of Paschal D. Craddock, deceased, in two parcels of land severally conveyed to Robert Tyler and John McReynolds as purchasers, under a decree of the Bullitt circuit court, in a suit of Thomas Hundley and others against P. D. Craddock and others ; the parcel so conveyed to Tyler containing one hundred and forty and three fourth acres, and that conveyed to McReynolds about one hundred and thirty-eight acres, and each being a part of a tract of about eight hundred and fifty acres of land, of which said Craddock was seized while the appellant was his wife.

The appellees, the tenants in possession, claiming under the title of Tyler and McReynolds, resisted the claim upon facts alleged by them, which appear substantially in the record as follows : In 1839, said P. D. Craddock, then the husband of the appellant, and in possession of the land, claiming it subject to some encumbrances, sold and conveyed it to his brother, Zarel R. Craddock, his wife not then relinquishing her potential right of dower ;

but she afterwards attempted to do so during her coverture by a separate deed to Z. R. Craddock, in consideration of a conveyance simultaneously made by Z. R. Craddock of certain slaves and personal property to a trustee for her use; and, although the deed from her to Z. R. Craddock, which seems to have been lost, was not acknowledged or lodged for record, so as to render it obligatory on the grantor; and although the conveyance from her husband to Z. R. Craddock, which she so undertook to ratify, was pronounced by the decree of the Bullitt circuit court to be a fraudulent arrangement, and set aside as it regarded the creditors of P. D. Craddock, she, nevertheless, in a pleading in said suit, affirmed that she had relinquished her right of dower, and, after she became discovert, she claimed the provision made for her by said deed of trust, in consideration of her relinquishment of dower, in a suit of herself against the heirs of Z. R. Craddock in the Louisville chancery court.

It also appears that P. D. Craddock, who survived his brother, Z. R. Craddock, died without issue, and his estate passed by descent to the children of Z. R. Craddock, who were his only heirs-at-law, and who, after the sales to Tyler and McReynolds and others, whereby said decree of the Bullitt circuit court was satisfied, remained in possession under the deeds from P. D. Craddock and wife of a portion of the land, probably equal in value to the dower of the appellant in the whole tract.

The chancellor dismissed the petition, and from that judgment this appeal is prosecuted.

As, under our law of conveyances, the unrecorded deed to Z. R. Craddock did not divest the appellant of her contingent right of dower, the correctness of the judgment depends on the solution of the question, whether the pleadings filed by the appellant in the Bullitt circuit

court and in the Louisville chancery court, or either of them, constitute an estoppel, on which the appellees might rely as a bar to the action.

The appellant, being a party to the suit tried in Bullitt, swore to and filed her answer therein in January, 1844; and, by her said answer, she set up and alleged that she had relinquished and conveyed her right of dower in the land to Zarel R. Craddock, in consideration of the provision made for her in said deed of trust, and asserted her rights under said last mentioned deed.

The allegations of this answer are palpably inconsistent with the right of dower claimed in this suit; and, as to parties and their privies affected by them, constitute, in our opinion, a preclusion in law of her right to recover; and the fact of her coverture at the time does not exempt her case from the application of the principle of estoppel, requiring that good faith and fairness shall be observed by every party with regard to rights of others affected by his previous acts.

The appellees hold the land in privity, with the title of Tyler and McReynolds, the purchasers under the decree of the Bullitt circuit court. And the only remaining inquiry, with regard to the allegations of the appellant in her answer in said suit is, were said Tyler and McReynolds affected thereby? We concur with the chancellor, that "any purchaser had a right to take her answer in that case as pointing to a legal relinquishment, which was not filed in the papers, because unnecessary." According to a familiar and well-settled principle, if she had been present at the sale, and announced the fact that she had relinquished her right of dower to Z. R. Craddock, she would clearly have been concluded thereby, whether her announcement were true or not, because she should not be heard to assert her

claim in opposition to a purchase she may thus have permitted or induced; and it seems to us equally clear, that the statements of her answer in the suit, through which the purchasers must look for title, constituted an estoppel, of which the said purchasers, or those holding under them, might avail themselves in resistance of her claim of dower.

This conclusion is fortified by the fact, that, after the appellant became discovert, she sought, in a suit in the Louisville chancery court, an enforcement of her rights under said deed of trust, made in consideration of her said relinquishment of dower; and, so far as appears in this record, she received the benefit of the provision so made for her in lieu of her dower; and which she thus, after her husband's death, elected to retain, and which she seems to have regarded herself as an ample compensation for the relinquishment she professed to have made.

The consideration of other grounds suggested in support of the judgment is deemed unnecessary.

Wherefore, the judgment is affirmed.