JOHN SIMPSON *v.* JOSHUA A. COONS, ET AL.

**Agency of Husband for His Wife.**

> Where a wife entitled to dower in real estate sought to be sold authorizes her husband to employ an attorney, and he does so and an answer is filed for her, claiming an interest in the real estate but consenting to its sale, and offering to take her interest out of the purchase-money, and where no fraud or bad faith is practiced by her husband or attorney, she is bound by such answer whether she knew what was in it or not, and a sale of such real estate is valid and binding on her:

APPEAL FROM FAYETTE COURT OF COMMON PLEAS.

March 10, 1880.

OPINION BY JUDGE HINES:

The question is whether Mrs. Amanda Coons has any dower interest in the land purchased by appellant.

A joint answer and cross-petition of Amanda Coons and her husband, J. A. Coons, appears in the record, sworn to by J. A. Coons. Among the allegations of the answer and cross-petition is the following: "Defendants state that said Amanda Coons is the owner of four-ninths of said tract of land, having paid four-ninths of the purchase-money therefor, and she is willing that said land be sold by judgment of the court, but she asks that four-ninths of the proceeds of the sale be adjudged to her for her sole and separate use, and that her dower be allotted to her in the same way."

W. S. Darnaby states, in substance, that he was employed by J. A. Coons to prepare the pleading mentioned, asserting the claim of Amanda Coons, and that he prepared the answer as directed; that the words "and that her dower be allotted to her in cash to be settled in the same way" appear to be interlined in the handwriting of Mr. Smith, to whom the paper was delivered by J. A. Coons. He acted in good faith, believing he had authority to represent Amanda Coons, and did not know until some time after that Mrs. Coons objected to that portion of the answer expressing her willingness to take the value of her contingent right of dower in money.

Mr. Smith states that he was first employed for J. A. Coons and his wife, Amanda, by J. A. Coons himself, who brought to him the answer prepared by Mr. Darnaby; that J. A. Coons authorized him as attorney for his wife to file the answer, but that he never had any direct order from Amanda Coons to represent her.

The bill of exceptions states the testimony of Mrs. Coons as follows: "Mrs. Amanda Coons, being introduced as a witness in behalf of said Simpson, testified that she was ignorant of the contents and nature of the answer filed for her in this case until after the sale of the land to Simpson; that she knew her husband had spoken to Mr. W. S. Darnaby to look after his own interest and hers in the settlement of his estate, but that she had not, at the time of the sale, ever seen or heard anything of the answer filed for her in this case, and did not even know that any answer had been filed; that she had never heard of any employment of Mr. J. S. Smith as attorney for herself or her husband, until after the sale; that she has never been willing and is not now willing that her husband's land should be sold free from her claim for contingent right of dower, unless the amount to be paid her in lieu of said dower claim be fixed beforehand, and she still asserts and claims a contingent right of dower in the land."

It will be observed, from the uncontradicted statements of Mr. Darnaby and Mr. Smith, that Mr. Coons, for himself and for his wife, sanctioned and approved the manner in which the claims of Mrs. Coons were presented in the answer and cross-petition. From the statement of Mrs. Coons it is seen that the authority of her husband to represent her is affirmatively declared, and that she now sanctions all of his acts in the premises except the statement made in the answer that she is willing that the sale of the land be made, and take the estimated value of her contingent right of dower out of the proceeds of sale, insisting that the amount should have been ascertained before the sale. She left the manner in which her claims were to be asserted entirely to the judgment and discretion of her husband, without any restriction whatever as to the method of its exercise. She did not nor does she now say that her husband, through the attorney, had no authority to bind her by such an admission. The power to employ the attorney to represent her interest is conceded, and the fact that she did not know, until after the sale, the character of the answer, is immaterial. She was in court by her attorney, who in good faith represented her interest. No fraud, misrepresentation or concealment is intimated, and she must, since expenses have been incurred and rights have accrued under the employment, be conclusively presumed to have known and sanctioned what her agent and attorney did in the case. Any other rule would seriously interfere with judicial sales. The court could not safely

proceed, nor could one safely purchase under a decree unless it was first shown that the feme covert was in court in person consenting to the decree.

We think that the evidence shows a solemn declaration, on the part of Mrs. Coons, in court, not to relinquish her potential right of dower, but to accept its money equivalent out of the proceeds of the sale, and it would be a fraud upon the creditors of the estate to permit her to retract the consent thus given. Mrs. Coons has no more right to repudiate this consent than she would to claim dower in the land in case she had been present at the sale and announced that she had relinquished dower. To permit a recovery in either case would be to permit her to take advantage of her own wrong. *Craddock v. Tyler,* 3 Bush 360.

In the case of *Connolly v. Bransiler,* 3 Bush 702, opinion by Judge Robertson, the wife authorized the salesman to announce that she would not claim dower in the land. Under this announcement the land was sold, and she subsequently brought an action to recover dower. The court said: "Although her declaration to the bidders did not legally alienate her dower, yet, the sale being made on the faith of it, she is equitably estopped from asserting dower against the purchaser, for the disability of coverture could not exonerate her from fraud."

Judgment *affirmed.*

*H. M. Buford,* for appellant.

*George W. Darnall, Houston & Mulligan,* for appellees.