WILLIAM DECOURCEY'S ADM'R, ET AL., *v.* J. N. L. DICKENS, ETC.

· SAME *v.* SARAH DICKENS' ADM'R.

[Abstract Kentucky Law Reporter, Vol. 1—260.]

**Duties of Trustee.**

Where one receives money as trustee, in which another is entitled to the income from it during her life, and others own the fund subject to the rights of the life owner, and the writing creating the trust does not contain a promise by the trustee to pay the amount to any one, he is, notwithstanding this fact, liable to answer to the remaindermen and pay over such fund to them at the death of the life owner.

**Statutes of Limitation.**

When a trustee holds a fund on which one is entitled to draw the interest during her life, the owners of the fund cannot maintain an action to recover it during such lifetime, and the statute of limitations will only begin to run as against them from the date of her death.

**Payment.**

When a trustee holding $600 for the rightful owners pays them $300 and takes a receipt in full or a transfer of their interests, such payment and transfer is not final and will not discharge the debt.

**Chose in Action Accruing to a Wife.**

A chose in action accruing to a wife during coverture survives to her husband and does not pass to her personal representatives.

APPEAL FROM CAMPBELL CHANCERY COURT.

June 17, 1880.

OPINION BY JUDGE COFER:

The writing sued on does not contain a promise to pay the $600 to any one.    But the money having been received by DeCourcey to be held by him until "said legatees come to the age of 21 years," he had a right to retain it until that time, when a cause of action accrued to the person or persons entitled to the money.    Under the will of Mrs. Carroll, Mrs. Dickens was entitled to the use of the

money during her life, and when the "said legatees" reached their majority the right of action to recover the money from DeCourcey was in her, and not in the "said legatees."

Nor did the writing entitle them to sue for and recover it. They are not parties to the writing, nor does it purport to be for their benefit, but expressly recognizes the right of Mrs. Dickens to the interest during her life, which excludes the idea that the money was to be paid to her two sons when they should arrive at the age of twenty-one years. The fact that DeCourcey, in 1858, long after both the sons had attained their majority, and when, according to the theory of appellant's counsel, the whole was due and payable to them, paid them but $150 each, instead of $300 each, which was due them if they were the owners of the fund, shows that he did not regard the whole as belonging to them, and that he regarded Mrs. Dickens as entitled to the interest during her life. These transactions show, also, that at their date he had the $600 in his hands, and amounts to a recognition of his liability to some one for the money; and as Mrs. Dickens was, as the writing in 1843 shows, entitled to the interest during her life, he continued to be liable to her for the interest as long as the money remained in his hands. As he does not appear ever to have paid out to any one more than $300, he was liable to her for interest on $600 up to January, 1858, and on the remaining $300 up to her death.

As before remarked, the writing executed by DeCourcey contained no promise to pay the principal to any one; but as Mrs. Dickens was, by the terms of that writing, entitled to the interest as long as she lived, it would follow that her sons were not entitled to sue for the principal during her life, and consequently that the statute of limitations did not run against them until after her death, unless on the idea that she stood in the relation of a trustee for them.

She died in 1869, and then a right of action accrued to her children, and their suit was commenced in 1873, less than five years after her death. The important question in the case, then, is this: A right of action accrued to Mrs. Dickens, in 1853, the time when the younger of her two sons arrived at the age of 21 years; she was then and until her death a married woman. Did limitation run against her?

Section 5, Art. 4, Chap. 71, Gen. Stat., provides that "If a person entitled to bring any of the actions mentioned in the third article of that chapter (of which this is one) was, at the time the cause of

action accrued, a married woman the action may be brought within the like number of years after the removal of such disability or on death of the person, which ever happens first, that is allowed" to a person not under disability.

If it had been an ordinary debt due to the wife, the statute would perhaps apply, because in that case, although the right of action would be in the wife, it would be for the benefit of the husband, and might be sued for and recovered by him as if in terms payable to him; but in this fund James Dickens had no interest as husband, and consequently no right of action. It follows, therefore, that the statute of limitations presents no bar to the recovery of so much of the principal debt as is unpaid, viz.: the sum of $300 with interest at 6 per cent. from the time of Mrs. Dickens' death.

Counsel contended, however, that as no mention is made in the writing executed by DeCourcey of any of Mrs. Dickens' children except her two sons, and as DeCourcey was a stranger to the will of Mrs. Carroll he was bound to the two sons and to them alone. As we have already said more than once, the paper contains no promise to pay the money to anyone. The right of action arises out of the facts. DeCourcey had certain money in his hands which we may assume he supposed would belong to Mrs. Dickens' two sons at her death.

Supposing them to be the only persons interested in the fund, he paid them $300 of the money. The balance remained in his hands at her death, and while it is yet in his hands, or in the hands of his representatives, the other children of Mrs. Dickens come forward and assert their claim, which, as between them and their brothers, is valid. Why may they not recover it? A borrows money of B, which he supposed to be B's money, but before he pays it C comes forward and in a joint suit with B asserts that the money in fact belonged to him (C). Can he not recover? We do not suppose anyone could answer in the negative. What wrong is done to De-Courcey in this case by allowing the other children of Mrs. Dickens to recover? It is not pretended that he has paid more than $300. He owes the balance and must pay it to the two sons, or to the other children of Mrs. Dickens. If he pays to the former they must pay it over to the latter, and the parties all being before the court, the chancellor will do justice at once by decreeing the money to these ultimately entitled to it.

But it is contended that the two sons transferred the fund to De-

Courcey. He owed $600, and paid $300 of it to the persons whom he says were entitled to the whole, and takes their transfer of the balance. This is no more than if he had simply taken a receipt in full, and that a payment of a part in the discharge of the whole debt is not a good defense, is a position which needs no argument or authority for its support.

It may be said that the debt was not then due, and that payment of a part before due in discharge of the whole is a good accord and satisfaction. But it is not true that these payments were made before the debt was due. DeCourcey might have been sued and compelled to pay the debt long before that, and that it was previously due is the ground upon which the appellants rest their plea of the statute of limitations.

The chancellor rendered judgment against the appellants for $360, with interest, that being three-fifths of the $600. In this we think he erred to this extent: DeCourcey paid to the two sons, in 1858, $300. So far as the writing executed by him showed the two sons were entitled to the whole. He made no agreement to pay to anyone, and there is nothing to show that he knew that anyone else was interested in the money; and to the extent that he paid to them he should have credit. No part of the judgment in favor of the administrator of Mrs. Dickens can be sustained.

A chose in action accruing to the wife during coverture survives to her husband, and does not pass to her personal representative. The petition shows that James Dickens, the husband of Mrs. Dickens, survived her, and the right of an injunction bond and for interest survived to him, and suit for these should have been in his name. It is, therefore, not necessary to consider whether the plea of the statute was good in this latter case or not.

Judgment *reversed*, and cause remanded with directions to dismiss the petition of Dickens' administrator, and to render judgment in the other case for $300, with interest from May 1, 1869.

*E. W. Hawkins, for appellants.*

*Stevenson & O'Hara, for appellees.*

[Cited, *Onions v. Covington &c. Bridge Co.*, 107 Ky. 154, 21 Ky. L. 820, 53 S. W. 8; *Davis v. Willson*, 115 Ky. 639, 25 Ky. L. 21, 74 S. W. 696; *Holmes v. Lane*, 136 Ky. 21, 123 S. W. 318.]