Case 61—PETITION EQUITY—September 15.

## McDanell v. Landrum.

APPEAL FROM GALLATIN CIRCUIT COURT.

1. A MARRIED WOMAN WILL NOT BE ALLOWED TO TAKE ADVANTAGE OF HER OWN WRONG; and while she is not absolutely precluded from recovering real estate which she has attempted to convey while under the disability of coverture, she can not be permitted to profit by her

own fraud to the prejudice of a purchaser in good faith. Therefore, if she has received and invested the proceeds of such sale in other real estate for her use and benefit, she should be put upon the terms of refunding the purchase money, and paying for such necessary improvements as may have been made in good faith.

2. HUSBAND AND WIFE—LIMITATION.—The abandonment of the wife by the husband does not *ipso facto* remove her disability to sue. The statute authorizes the wife, in such cases, to sue and be sued only after being empowered to do so by judgment of a court of equity.

Although this action was brought more than twenty years after the cause of action accrued, and more than twenty-three years after the abandonment of the plaintiff by her husband, it is not barred, as it was brought within three years after the rendition of the judgment empowering plaintiff to trade as a *feme sole*, her disability being then, for the first time, removed.

GEO. C. DRANE FOR APPELLANT.

1. The active participation of a married woman in the perpetration of a fraud may operate by way of estoppel to divest her of interest in real estate. (Rusk v. Fenton, 14 Bush, 490; Craddock v. Tyler, 3 Bush, 360; Stone v. Waits, *Ibid.*, 487; Connelly v. Branstler, *Ibid.*, 702; Heck v. Fisher, 78 Ky., 646; Johnson v. Green, 17 B. M., 122.)

2. Where, under mutual mistake or ignorance of the ability of a married woman to convey, the purchase price has been paid and received by her, either in money or in the exchange of land, she cannot recover the land thus conveyed by her until she has placed the purchaser in *statu quo*. (Hawkins v. Brown, 80 Ky., 186; Odell v. Little, 82 Ky., 146; Pilcher, &c., v. Smith, &c., 2 Head, 208.)

3 The desertion and abandonment of plaintiff by her husband at once removed the disability of coverture, and she should have brought her suit within three years from that date. (Gen. Stats., chap. 71, art. 1, sec. 2.)

The plaintiff was disseized in 1862, when her right of action without notice to, or demand of, the party in possession immediately accrued. (Hardin v. Gerard, 10 Bush, 263; Odell v. Little, 82 Ky., 146; Medlock v. Suter, 80 Ky., 101.)

WARREN MONTFORT FOR APPELLEE.

1. Any contract of a married woman with regard to her real estate, unless made in strict conformity to the statutes empowering her to contract, is absolutely void. (Vowles' Heirs v. Buckman, 6 Dana, 466.)

2. The appellee could not ratify the void proceeding under which her land was sold. A void act cannot be ratified.

3. The evidence fails to show that appellee received the benefit of the purchase money paid by appellant for the land in controversy.

4. An estoppel cannot be taken advantage of unless pleaded.

5. Appellant, by his petition, does not pray for the refunding of the money which he paid for the land, and, therefore, that relief cannot be granted.

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

In 1863, appellee, then under disability of both coverture and infancy, and her husband, W. H. Landrum, sold to her brother, W. H. Beal, at one thousand six hundred dollars, a tract of twenty acres of land she had inherited from her father, and Beal immediately sold it at the same price to T. J. Turpie. But the latter, advised appellee could not make a good title, refused to pay the purchase money or accept a deed. Whereupon, she and her husband instituted an action, making Beal and Turpie defendants, in which judgment was rendered for a sale of the land upon condition it brought as much as one thousand six hundred dollars. At the sale made under that judgment Beal became purchaser at the sum mentioned, and having, as appears from the record of the action, paid it to plaintiff's attorney, a deed for the land was, in March, 1864, made to him by a commissioner of court. In April, 1864, Beal sold and conveyed it to Turpie, and the latter in October, 1864, conveyed it to appellant, who has held and claimed it ever since.

September 18, 1884, appellee instituted an action ordinary, subsequently transferred to equity, to recover of appellant the land and damages.

It is apparent, and seems to be conceded, that the judgment rendered in the action instituted by appellee and her husband in 1863 was not effectual to divest her of title to the land. But appellant pleaded as

defenses, and it is contended for him on this appeal, that the action is barred by limitation, and that by her conduct in procuring the judgment of 1863, and appropriating in her own name and for her use the proceeds of sale made in pursuance of it, she is now estopped to claim the land..

1. Section 2, article 1, chapter 71, General Statutes, provides that if, at the time the right of any person to bring an action for the recovery of real property first accrued, such person was a married woman, she may, though the period of fifteen years has expired, bring the action within three years after the time such disability is removed. It appears that appellee's husband abandoned her about ten years before the institution of this action, and they have not since cohabited. And hence, it is argued, her disability to sue having thus been, in the meaning of the statute, removed, she might have then brought this action, and not having done so within three years after the expiration of the period of fifteen years, she can not now maintain it.

Abandonment of the wife by the husband does not *ipso facto* remove her disability. On the contrary, section 5, article 2, chapter 52, General Statutes, as construed by this court in the case of Hannon v. Madden, 10 Bush, 664, authorizes the wife in such case to sue and to be sued only after being empowered to do so by judgment of a court of equity.

It is stated in her petition, and not denied, that no judgment giving her such power was rendered until the September term, 1884, of the court, only a few days before the commencement of this action, and as the three years had not then elapsed, the plea of limitation can not avail.

2. It satisfactorily appears that the purchase of the land in the first instance by the brother of appellee was made at her urgent solicitation, and that the action to procure a judgment for the sale was brought with her knowledge and approbation after the ad vice was given that she could not effect a sale and collect the purchase price without such proceeding.

It farther appears that the land was so situated and in such condition that it could not be cultivated by her husband and herself profitably, as neither of them then had any other estate of much value, and a sale and reinvestment of the proceeds in her name was, at the time, really to her interest. The proceeds of the sale were not immediately reinvested in her name, but it clearly appears that in 1865 they were used to purchase in her name and for her use real estate in Madison, Indiana, where she and her husband removed.

It is a rule founded upon justice and common fairness that a married woman, no more than others, can take advantage of her own wrong; for, as said by this court in Rusk v. Fenton, 14 Bush, 491, "coverture will not be permitted to be invoked and used as a cloak to fraud." It has been more than once decided by this court that a woman who, by her conduct, induces the belief on the part of a purchaser of real estate that she has no claim to dower in it, is equitably estopped from afterwards asserting it against him. (Craddock v. Tyler, &c., 3 Bush, 360; Connolly, &c., v. Branstler, *Ibid.*, 702.)

In the case of Stone and Wife v. Werts, 3 Bush, 486, is this langurge: "If a party, having an interest

in preventing an act being done, acquiesces in it so as to induce a reasonable belief that he consents to it, and the position of others is altered by their giving credit to his sincerity, he has no right to challenge the act to their prejudice (2 Story's Equity, 756; and a fortiori is this so when, as in this case, the party complaining of an act to his prejudice has procured it to be done by a representation of facts inconsistent with his subsequent claim; and married women are not exempt from the operation of this rule." The doctrine of estoppel, however, has not been so rigidly enforced in this State as to absolutely preclude recovery of real estate of a woman attempted to be conveyed during her coverture by defective or illegal conveyance, although she may have voluntarily joined in the deed, or instigated the sale. In such case the rule is that a married woman cannot be permitted to profit by her own fraud to the prejudice of a purchaser in good faith, and, therefore, if she has received and invested the proceeds of such sale in other real estate for her use and benefit, she should be put upon the terms of refunding the purchase money and paying for such necessary improvements as may have been made in good faith. (Heck v. Fisher, 78 Ky., 643; Hawkins v. Brown, 80 Ky., 186.)

There is nothing in this record to show that either appellant or his two vendors, Beal and Turpie, acted in bad faith, or paid less for the land than a fair value. On the contrary, the proceedings for the sale were instituted by appellee and her husband. The sale was a judicious one, and appellee got the full benefit of the money for which it was sold. And having acquiesced

for twenty years, we think, if she be now permitted to dispossess appellant, it should be upon the equitable terms of restoring the *statu quo.*

Wherefore, the judgment is reversed, and cause remanded for proceedings consistent with this opinion.