154       KENTUCKY REPORTS.      [Vol. 107

Onions v. C. & C. El. R. R. and Transfer and Bridge Co., The, &c.

CASE 29—ACTION FOR DAMAGES BY OPERATING
TRAINS—Oct. 24.

# Onions v. Covington & Cincinnati El. R. R. and Transfer and Bridge Co., The, Etc.

APPEAL FROM KENTON CIRCUIT COURT.

LIMITATION—COVERTURE.—An action for damages to the property of a married woman sustained by her by the operation of railroad trains on the street in front of her property is not barred until the lapse of five years after she becomes discovert.

M. L. HARBESON FOR APPELLANT.

1. LIABILITY OF LESSORS.—Stickley v. C. & O. Ry. Co., 14 Ky. Law Rep., 417.

2. LIMITATION.—L. & N. R. R. Co. v. Orr, 12 Ky. Law Rep., 576; Civil Code 1851, sec. 49; Myers' Ky. Code, sec. 49; Civil Code, 1876, sec. 34; Ky. Stats., sec. 2525; Burks v. Carey, 7 Ky. Law Rep., 445; Bankston v. Crabtree Coal Min. Co., 16 Ky. Law Rep., 15; O'Dell v. Little, 82 Ky., 146; McDowell v. Landrum, 10 Ky. Law Rep., 641.

SIMRALL & GALVIN FOR APPELLEES, THE COVINGTON & CIN. EL. R. R. & TRANS. & BR. CO. AND THE C. & O. RY. CO.

The cause of action was barred by limitation. Mrs. Onions having a right under the Code to institute the action with or without the concurrence of her husband, limitation began to run from the time of the injury and not from the time she became discovert. L. & N. R. R. Co. v. Orr, 91 Ky., 109; Civil Code, sec. 34, sub-sec. 1, 2; Myers' Code, sec. 49; Ky. Stats., sec. 2525; Low v. Fox, 15 Q. B. Div., 667; Garland v. Gaines, 47 Ark., 558; Cameron v. Smith, 50 Cal., 303; Hayward v. Gunn, 82 Ill., 385; Castner v. Walrod, 83 Ill., 171; Enos v. Buckley, 94 Ill., 458; Geison v. Heiderich, 104 Ill., 537; Brown v. Cousens, 51 Me., 305; Pope v. Hooper, 6 Neb., 178; Burkes v. Carey, 7 Ky. Law Rep,. 445; Bankston v. Crabtree Coal Min. Co., 16 Ky. Law Rep., 15; O'Dell v. Little, 82 Ky. 146; McDanell v. Landrum, 87 Ky., 404; Hargis v. Sewell's Admr., 87 Ky., 63.

J. W. BRYAN FOR APPELLEE L. & N. R. R. CO.

1. The demurrer of the Louisville & Nashville R. R. Co., should have been sustained. The petition did not allege any negligence

upon the part of that defendant in the operation of any of its engines or cars and the petition showed affirmatively that the bridge and the approaches thereof and the line of railroad tracks located near the plaintiff's property were neither built nor owned by the Louisville & Nashville R. R. Co.

2. The action was barred by limitation.

Citations: Myers Code, sec. 49; Present Code, sec. 34, sub-sec. 1; Hargis v. Sewell's Admr., 87 Ky., 63; L. & N. R. R. Co., v. Orr, 91 Ky., 109; Gen. Stats., sec, 2, art. 4, ch. 71; Revised Stats., sec. 2, art. 4, ch. 63; Petty v. Malier, 14 B. M., 246.

JUDGE HOBSON DELIVERED THE OPINION OF THE COURT.

Appellant filed this action to recover of appellees damages alleged to be sustained by her from the operation of railroad trains on Fourth street in Covington, Kentucky, in front of her property. The defendants pleaded limitation of five years. To this she replied that she was a married woman when the railroad track was located on the street, and that her coverture continued up to December 19, 1894, when her husband died. The suit was filed on April 23, 1896. The railroad was located in the street in August, 1889, and, as has often been held by this court, the action by the property owner in this class of cases is governed by the five-year statute of limitation, and barred after five years from the time the operation of the trains began. This action, not having been instituted within five years after the right of action accrued, was barred, unless the statute of limitation was suspended by the appellant's coverture. The action is one of those mentioned in the third article of the statute; and by section 2525, Kentucky Statutes, embraced in the same chapter, it is provided:

"If a person entitled to bring any of the actions mentioned in the third article of this chapter, except for a penalty or forfeiture, was at the time the cause of action accrued, an infant, married woman, or of unsound mind, the action may be brought within the like number of years after the

156    KENTUCKY REPORTS.    [Vol. 107

Onions v. C. & C. El. R. R. and Transfer and Bridge Co., The, &c.

removal of such disability or death of the person, which-ever happened first, that is allowed to a person having no such impediment to bring the same after the right accrued."

If this exception applies, the statute of limitation is unavailing, as the action in this case was brought within less than two years after appellant's disability of coverture was removed by the death of her husband. But practically the same statute has been in force since 1814. Identically the same provision was contained in the Revised Statutes adopted in 1852, and was copied from them into the General Statutes adopted in 1873. But after this, in 1876, the Legislature enacted the Code of Practice in Civil Cases, by section 34 of which it is provided:

"In actions between husband and wife; in actions concerning her separate property; and in actions concerning her general property in which he refuses to unite, she may sue or be sued alone."

The property in this case was the general estate of the wife, and as she by this section might sue or be sued alone concerning it, if her husband refused to unite with her, it is insisted for appellees that she was under no disability to bring the action, and that, therefore, the statute continued to run against her. The lower court took this view, and we are referred to several decisions in other States sustaining it.

But in Wood on Limitations (volume 2, section 240), the learned author says:

"In those States in which married women are excepted from the operation of the statute, the circumstance that they are by statute clothed with the power of suing and being sued, or even endowed with all the privileges, rights, and liabilities of a *feme sole,* would

hardly seem to be sufficient to change the rule, or deprive them of the benefits of the disability, if they choose to avail themselves of it; and the circumstance that the Legislature has clothed them with these rights, without making any change in the statute of limitations with respect to them, indicates an intention on the part of the Legislature that they shall still remain within the exception contained therein."

We are satisfied it will do violence to the intention of the Legislature of this State to adopt any other rule here.

Section 34 of the Code of 1876 is taken from section 49 of the Code of 1851, which read as follows:

"Where a married woman is a party her husband must be joined with her, except that when the action concerns her separate property, she may sue alone, and where the action is between herself and her husband she may sue or be sued alone."

This Code was passed before the Revised Statutes. Under it the wife could sue alone in actions concerning her separate property or between herself and her husband; but, notwithstanding this, when the Legislature came afterwards to adopt a statute of limitations, it exempted married women from the operation of the statute, not only in cases where they could not sue alone, but in all cases. The only substantial change in this section made in the Code of 1876 is that it allowed her to sue alone in actions concerning her general property where her husband refused to unite with her. The purpose of this change was only to extend the powers of married women. The Legislature evidently did not have in mind the statute of limitations in adopting this provision. Under the old Code, it had never been contended, so far as we are aware, that in actions between husband and wife, or concerning

158          KENTUCKY REPORTS.          [Vol. 107

Onions v. C. & C. El. R. R. and Transfer and Bridge Co., The, &c.

her separate estate, the statute ran against the wife during her coverture; and, in extending the power of the wife to sue alone, it is evident that the Legislature did not intend a change in the existing statute of limitations. Constructive repeals are never favored, especially not in a matter apparently not in the legislative mind at the time.

Though this precise question has never been presented, this court has often announced the construction of the statute contended for by appellant.

In McDanell v. Landrum, 87 Ky., 404, [12 Am. St. R., 500; 9 S. W., 223], after showing that the wife did not become discovert until within three years before the action was brought, this court says: "As the three years had not then elapsed, the plea of limitation can not avail." In Bankston v. Crabtree Coal Mining Co., 95 Ky., 458, [25 S. W., 1106], it was also said in another suit by a married woman, where limitation was pleaded:

"But although her cause of action accrued in April, 1871, yet she was under the disability of coverture, and perhaps infancy; and therefore she may institute her action in spite of the lapse of fifteen years, provided she does so within three years after the time when her disability is removed."

The same view of the statute was announced in O'Dell v. Little, 82 Ky., 146; Stephens v. McCormick, 5 Bush, 181; Bransom v. Thompson, 81 Ky., 387. These cases were under the clause of the statute relating to actions for the recovery of real property, but the language of the exception in both cases is so nearly alike that evidently a different rule could not be adopted for their construction, and in Decourcy v. Dicken, 1 Ky. Law Rep., 260, the same rule was applied in a personal action.

It is insisted that these are mostly *dicta*, and that this

precise point has never been passed on by the court; but
it must be remembered that it is nearly fifty years since
the adoption of the Code of Practice, and, if this question
has never in all that time been presented, it is very strong
evidence that the bench and bar did not understand the
rule to be as contended for by appellees.  After this con-
struction of the statute has been so often announced by
this court, and the Legislature has apparently acquiesced
in it, great injustice might result if a contrary rule were
declared now by judicial action.  In the revision of the
statute law of the State upon the adoption of the new Con-
stitution, it seems that the Legislature adopted no new
statute of limitation, but simply left the old act in force.
The construction of the statute had then been so often
declared that it must be presumed the Legislature acted
with knowledge of this construction in leaving the statute
in force.  The statute of limitations is to be construed
with reasonable strictness; cases are never to be brought
within its operation upon doubtful intendment; nor should
a different rule of interpretation be adopted bringing with-
in the statute, after the time has run, cases not fairly
within its words, thereby catching people unaware.
(Wood on Limitations, section 4.)  Although a mar-
ried woman, after 1876, might sue alone as to
her general estate, she was by no means relieved
of the disability of coverture.  She was not only under the
dominion of her husband, but he owned absolutely all her
personal property.  He might reduce to possession her
choses in action, and he had the right to the use of her real
estate, with power to rent it out for not more than three
years at a time and receive the rent.  General Statutes,
p. 720.  The wife had no  power to make contracts, or
dispose of her general property, in any way, and, when

her disabilities remained substantially as at common law it would be contrary to the entire spirit of our laws to allow limitation to run against her during her husband's lifetime. That the Legislature did not intend to do so is apparent from the broad language of the exception, and the fact that it was brought over into both the Revised Statutes and the General Statutes after the adoption of the Code, which empowered the wife to sue in her own name in certain cases.

For these reasons we are of opinion that the Statute did not run against appellant until the death of her husband, and that the court erred in sustaining the demurrer to her reply and in dismissing her action.

The judgment is therefore reversed, and cause remanded, with directions to overrule the demurrer, and for further proceedings not inconsistent with this opinion.