CASE 72—ACTION BY MELCINA ·STURGILL AND HUSBAND AGAINST THE
  ¡C. & O. RY. CO. TO RECOVER DAMAGES FOR INJURY TO THEIR
  PROPERTY.—¡NOV. 11.

# Sturgill &c., v Chesapeake & Ohio Ry. Co.

### APPEAL FROM BOYLE CIRCUIT COURT.

FROM A.. JUDGMENT DISMISSING THE PETITION PLAINTIFFS APPEAL.
  REVERSED.

MARRIED WOMAN—RIGHT TO SUE—LIMITATION—STATUTES—IMPLIED
  ¡REPEAL.

Held:  Kentucky. Statutes, 1899, section 2506, providing that if, at the
  time the right of any' person to bring an' action. for the recovery of
  real property accrued, such person was a married woman, she
  may, though the period of fifteen years has expired, bring an ac-
  tion within three years after such disability is removed, is not
  repealed by section 2128, providing that a married woman may
  take, acquire, and hold property, make contracts, and sue and be
  ·sued, as a single woman, etc.

J. A. ·SCOTT AND R. ·S. DINKLE, ATTORNEYS FOR APPELLANTS.

  ·The plaintiff's petition in' this case having been dismissed on
.demurrer the only question is:  "Did the Act of ·March 15, 1894,
remove the disability of a married woman?"

  The wrongs ·complained of were committed by the appellee in
the year 1880 in the constructing of the railroad track, so as
to injure plaintiff's property by the jarring and shaking of the
house, throwing soot and cinders therein, and obstructing ingress
and egress to and from it.

  The action was brought April 5, 1901.  The property belongs
to the plaintiff, Melcina Sturgill, who has been continuously the
wife of her co-plaintiff ever since the cause of action accrued.

  ¡Our contention is that the Act of March 15, 1894, did not re-
move the disability ¡of a married woman in respect to the time
·when she can bring a suit for damages to her property, and that
although twenty years has passed since the cause of action first
accrued, she is allowed three years after the removal of the dis-
ability in which to bring her action.

## AUTHORITIES CITED.

Ky. Stats., sec. 2128; Higgins v. Stokes, 24 R., 2427; Wood on Limitations, sec. 240, vol. 2; Onions v. C. & C. E. R. Co., 21 R., 820 (107 Ky., 154); Bankston v. C. C. M. Co., 95 Ky., 458; Odel v. Littell, 82 Ky., 146; Stephens v. McCormick, 5 Bush, 181; Bransom v. Thompson, 81 Ky., 387; Decoursey v. Deakins, 1 R., 260.

.E. L. WORTHINGTON AND W. H. WADSWORTH, ATTTORNEYS FOR APPELLEE.

## CLASSIFICATION OF POINTS AND AUTHORITIES.

By the Act of March 14, 1894, a married woman may 'sue without joining her husband and without his consent. The disability of the statute is not the coverture, but the right withheld by reason of the coverture, and when the right is no longer withheld, the disability is removed and the statute of limitations applies. Orr v. L. & N., 91 Ky., 109; Klosterman v. C. & C., &c., Bridge Co., 56 S. W. Rep., 820;, 71 S. W. Rep., 6; Ky. Stats., sec. 2506; Ky. Stats., sec. 2506, *supra;* Ky. Stats., sec. 2525; McDanell v. Landrum, 87 Ky., 404; Howard v. Gibson, 60 S. W. Rep., 491; Ency. of Law, vol. 19, p. 239, note 6; Civ. Code of Prac., sec. 34; Dietzman v. Mullin, 57 S. W. Rep., 247; So. Cov., &c., St. Ry. Co. v. Ball & Al., 59 S. W. Rep., 26; McCracken 'Co. v. Mercantile Trust Co., 84 Ky., 350; Clarke's Executor v. Trail's Admr., 1 Met. (Ky.), 35; Ball v. Bullard, 52 Barb., 141; Garland Co. v. Gaines, 2 S. W. Rep., 460; Safford, &c., v. Stubbs, 7 N. E. Rep., 653; King v. Merritt, 67 Mich., 217, 34 N. W., 700; Hayward v. Gunn, 82 Ill., 385; Brown v. Cousens, 51 Me., 301; Cameron v. Smith, 50 Cal., 303; Davis v. Coblens, 12 App. Cas. (D. C.), 51; Perkins v. Compton, 69 Ga., 736; Murphy v. Laundry Co., 52 Neb., 593; Nissley v. Brubaker, 192 Pa. St., 388; Castner v. Walrod, 83 Ill., 171; 25 Am. Rep., 369; Kibbe v. Ditto & Al., 93 U. S., 674; Percy v. Cockrill, 53 Feb., 872; Onions v. Covington Bridge Co., 107 Ky., 154; Lane v. Bryant, 100 Ky., 142; Gersen v. Heidrich, 104 Ill., 171; Sparks v. Roberts, 65 Ga., 571; Douglass v. Douglass, 72 Mich., 86.

OPINION OF THE COURT BY JUDGE BURNAM—REVERSING.

The appellants Melcina Sturgill and her husband, J. J. Sturgill, brought this suit on the 5th day of April, 1901. She alleges in her petition that in 1880 she was the owner and

in possession of two houses and lots abutting on a street in Catlettsburg, and that the appellee, the Elizabethtown, Lexington & Big Sandy Railroad Company in that year constructed a railroad in the street in front of her property so as to obstruct the access to and egress therefrom, and that the running of the trains thereon caused the house to be jarred, and smoke, soot, and cinders to be thrown thereon; that these injuries were permanent in their nature, and damaged her property $2,000; that after operating the railroad for a time the Elizabethtown, Lexington & Big Sandy leased it to its co-appellee, the Chesapeake & Ohio Railway Company, who had continued its operation; and damages are sought to be recovered against both companies. The appellees, by separate paragraphs of their answer, plead the five, ten and fifteen years' statutes of limitation to the cause of action set up in the petition. To these pleas the appellants demurred. The court overruled the demurrer. Thereupon the appellants filed a reply, in which they pleaded, in avoidance of the various pleas of limitation, that at the time of the accrual of the cause of action set out in their petition Melcina Sturgill was then, and is now, and had been ever since the accrual of her cause of action, continuously a married woman, and by reason of which the statute of limitations did not run against her. Thereupon defendants interposed a general demurrer to the plaintiffs' reply, which was sustained, and, plaintiffs declining to plead further, their petition was dismissed, and they have appealed.

As the injury complained of was inflicted twenty-one years before appellants instituted their suit, it is clear that their right of action is barred, unless the fact that she was at the time of the injury, and had ever since been, a married woman prevents the running of the statute. Section 2525 of the Kentucky Statutes of 1899 provides that: "If a person en-

titled to bring any of the actions mentioned in the third article of this chapter, except for a penalty or forfeiture, was at the time the cause of action accrued, an infant, married woman, or of unsound mind, the action may be brought within the like number of years after the removal of such disability, or death of the person, whichever happened first, that is allowed to a person having no such impediment to bring the same after the right accrued." Under this statute the various pleas of limitation relied on by the appellee were ineffectual to bar her claim, unless this statute has been expressly or by necessary implication repealed. Appellee contends, and the circuit court held, that section 2128 of the Kentucky Statutes of 1899, which is a part of the act of March 15, 1894 (Acts 1894, p. 177, c. 76), defining the property rights of the husband and wife had this effect. The statute is as follows: "A married woman may take, acquire and hold property, real and personal, by gift, devise or descent, or by purchase and she may in her own name as if she were unmarried sell and dispose of her personal property. She may make contracts and sue and be sued, as a single woman, except that she may not make any executory contract to sell or convey or mortgage her real estate, unless her husband join in such contract, but she shall have the power and right to rent out her real estate, and collect, receive and recover in her own name the rents thereof, and make contracts for the improvement thereof. A gift, transfer or assignment of personal property between husband and wife shall not be valid as to third persons, unless the same be in writing, and acknowledged and recorded as chattel mortgages are required by law to be acknowledged and recorded; but the recording of any such writing shall not make valid any such gift, transfer or assignment which is fraudulent or voidable as to creditors or purchasers."

Sturgill, &c., v. Chesapeake & O. Ry. Co.

Whilst this statute is materially different from all former statutes relating to the property rights of husband and wife, it does not remove all of the disabilities of coverture. For instance, she can not make a contract for the sale, conveyance, or mortgage of her real estate unless her husband join in such contract. Nor can a married woman's estate be subjected to any liability upon a contract made after marriage to answer for the debt, default, or misdoing of another, including her husband, unless such estate shall have been set apart for that purpose by deed contract, or other conveyance. In Martha Higgins v. Clint Stokes (decided on the 12th of May, 1903) 116 Ky., 664, 25 R., 919, 74 S. W., 251, Mrs. Higsued on the 4th of January, 1902, to recover possession of a lot of ground, which she alleged belonged to her, but which her husband had sold and conveyed without her consent by general warranty deed, in which she did not unite; that she continued to live with her husband as his wife until his death in January, 1900. In that case the defendant, as in this, pleaded that the plaintiff's cause of action accrued more than fifteen years prior to the 15th of March, 1894, and that her disability as a married woman was removed by that act, and that her right to recover the land was barred. The trial court sustained this contention, but it was held upon appeal that section 2128 did not by necessary implication repeal so much of section 2506 as applied to married women. In. Onions v. C. & C. Elevated Railroad Transfer Bridge Co., 107 Ky., 154, 21 R., 820, 53 S. W., 8, it was contended by the defendant that section 34 of the Civil Code, which provides "that in an action between the husband and wife, and in an action concerning her separate property, and in actions concerning her general property, and in actions for personal suffering or injury to her personal character, in which he refused to unite, she might sue alone," authorized women to

sue for damages to her real estate, and by necessary implication repealed section 2525 of the Kentucky Statutes of 1899. It was held not to have this effect. Indeed, before the enactment of section 34 of the Civil Code, married women had all the power conferred by that section. If the husband refused to unite, such suit could have been instituted through a next friend. It can not be presumed that the General Assembly intended by implication to repeal a provision of the statute relating to limitation by an act amending and changing the statute which regulated the property rights of the husband and wife.

We therefore conclude in this case that section 2525 of the Kentucky Statutes is unaffected by the act of March 15, 1894, and that the trial court erred in sustaining a demurrer to appellant's reply, and the cause is therefore reversed, and remanded for proceedings consistent with this opinion.