Higgins v. Stokes, &c.

---

Case 73—Action by Martha Higgins against Clint Stokes and Others to Recover Land.—Nov. 11.

# Higgins v. Stokes, &c.

Appeal from Graves Circuit Court.

From an Order Dismissing the Petition Plaintiff Appeals. Reversed.

Former Opinion Withdrawn and This Opinion Substituted Therefor. (For Former Opinion See 24 R., 2427; 74 S. W., 252.)

Married Women—Right to Sue—Limitation—Statutes—Disability—Implied Repeal.

Held: Kentucky Statutes, 1899, section 2506, providing that if, at the time the right of any person to bring an action for the recovery of real property accrued, such person was a married woman, she

may, though the period of fifteen years has expired, bring an action within three years after such disability is removed, is not repealed by section 2128, providing that a married woman may take, acquire, and hold property, make contracts, sue and be sued as a single woman, etc.

ROBERTSON & THOMAS, ATTORNEYS FOR APPELLANT.

The plaintiff, Martha Higgins, is the widow of John Higgins, who died January 16, 1900. In December, 1876, her husband sold and conveyed a tract of land belonging to her in which she refused to join, or in any manner release her interest therein.

After the death of her husband she brought this suit for the land upon the idea that limitation began to run against her at the death of her husband in January, 1900.

The appellees in their answer plead that more than three years has elapsed since March 15, 1894, and claim that the statute of that date relative to the rights of married women, removed her disability and that she had but three years thereafter in which to bring her suit, more than fifteen years in all having elapsed since the sale of the land by her husband.

Our contention is that said statute does not remove the wife's disability in the sale of her land, and that her disability continued until the death of her husband.

## AUTHORITIES CITED.

Onions v. Covington & Cin. Ry. Co., &c., 107 Ky., 154; Bransom v. Thompson, 81 Ky., 387; Gregory v. Ford, 5 B. M., 471.

D. G. PARK, ATTORNEY FOR APPELLEE.

Our contention is that under our Married Woman's Act of March 15, 1894, the wife holds and owns all her lands to her separate and exclusive use, free from the control of her husband, and may sue and be sued, concerning it, as a single woman; whereby, as a married woman, her "disability is removed," not only authorizing, but requiring her to sue and to recover any such property she may claim to own as though such disability had been removed by death or divorce of her husband, or by a judgment empowering her to sue and be sued as a *feme sole*. And in this case adverse possession having been held against appellant, and her cause of action having accrued for more than fifteen years prior to March 15, 1894, continuing ever since and for more than three years since her disability was removed, her cause of action is barred by limitation beyond any saving clause of our statute.

AUTHORITIES CITED.

{Ky. Stats., secs. 2127, 2128, 2505, 2508, 2525; 13 Am. & Eng.
Ency. of Law (1st ed., 739, 740 and authorities cited in note 6;
Wood on Limitation (3d ed.) (by Gould, 1901), sec. 240; Cam-
eron v. Smith, 50 Cal., 303; Brown v. Cousens, 51 Me., 301; Acker
v. Acker, 81 N. Y., 143; McDarnell v. Landrum, 87 Ky., 407;
Bankston v. Crabtree Coal Mining Co., 95 Ky., 455; L. & N. R.
R. Co. v. Thompson, 2 R., 1110; Sharp v. Stephens Committee,
21 R., 687; Bishop on the Written Laws, secs. 86, 113a, 118a, 123,
165; Kebbe v. Ditto, 93 U. S., 674, 680; Percy v. Cockrell, 4
U. S. (C. C. A. R.), 82-3, 85-6-7-8; Lowe v. Fox, 152 B. Duv., 667.

OPINION OF THE COURT BY CHIEF JUSTICE BURNAM—REVERSING.

This action at law was instituted on the 4th day of Janu-
ary, 1902, by the appellant, Martha Higgins, against the
appellees, S. J. Matthews and Clint Stokes, to recover pos-
session of the north half of lot No. 18, in the city of May-
field which she alleges was conveyed to her by the executors
of her deceased father, John M. Gardner, in the division of
his real estate among his heirs at law on the 14th day of
April, 1863. She further alleges that at the date of this
conveyance she was a married woman with several children;
and that she and her husband immediately took possession
of the property, and lived upon it until December, 1876, when
he, without her consent and against her will, conveyed the
lot to T. J. Reynolds by a general warranty deed, in which
she did not unite; and that shortly after the conveyance
to Reynolds her husband moved her and her children from
the property, and surrendered the possession thereof to Rey-
nolds; and that she continued to live with her husband as
his wife until his death, on the 16th of January, 1900; that
the title to the property is still in her; and asked that she
be adjudged the possession thereof. The defendants in the
first paragraph of their answer deny that plaintiff is the
owner of the lot sued for. In the second paragraph they

plead and rely upon the thirty years' statute of limitation. In the third paragraph they allege that they, and those under whom they claim, have had and held the actual adverse possession of the property described in the petition continually for more than fifteen years prior to the 15th day of March, 1894, and for more than three years thereafter; that plaintiff's cause of action accrued more than fifteen years prior to the 15th of March, 1894, and that her disability as a married woman was removed by the act of the 15th of March, 1894 (Acts 1894, p. 176, c. 76); and that under section 2506 of the Kentucky Statutes of 1899, her right to recover the land in controversy has been lost. The plaintiff filed a general demurrer to the third paragraph of the defendant's answer, which was overruled. Thereupon she filed a reply, in which she denied that her cause of action accrued more than thirty years before the filing of her suit. The defendants thereupon filed a general demurrer to the reply, which was sustained, and, the plaintiff declining to amend, it was ordered that her petition be dismissed, and plaintiff has appealed.

Section 2128, relied on to defeat recovery in this action, is as follows: "A married woman may take, acquire and hold property, real and personal, by gift, devise, or descent, or by purchase; and she may in her own name, as if she were unmarried sell and dispose of her personal property. She may make contracts, sue and be sued as a single woman, except that she may not make any executory contract to sell or convey or mortgage her real estate, unless her husband join in such contract; but she shall have the power and right to rent out her real estate, and collect, receive and recover in her own name the rents thereof, and make contracts for the improvement thereof."

It is very earnestly insisted for appellees that as this stat-

ute clothes married women with the right to make contracts,
sue and be sued, as a single woman, by necessary implication
it repealed the statutes of limitation exempting women from
its operation in three years after the removal of such dis-
ability. To support this contention, we are referred to pages
239, 240, 19 A. & E. En. of Law (2d Ed.). The text re-
ferred to is as follows: "While there seems to be some con-
flict of opinion on the subject, the decided weight of author-
ity is in favor of the view that the married woman's acts
removing all the disabilities of married women, and enabling
them to sue and be sued, and to contract, as if they were
not married, repeal by implication the clauses in the statutes
of limitations exempting such women from its operation, and
cause the statutes to run against them as if they were single."
Numerous decisions from various courts are cited to support
the text, but the following significant note by the annotator
follows the citation of these cases: "The foregoing cases
all deal with the proposition that the mere fact that a mar-
ried woman could have brought' her suit during coverture
does not deprive her of the benefit of the exception in her
favor in the statute of limitation. And this is the correct
rule. There are few, if any, jurisdictions in which a married
woman is not able to sue during coverture by her next friend,
yet this power has never been held to affect the general
exception. If the text, however, relates to a general and
complete removal of disabilities, not only as to suit, but in
other respects, in such a case there is room for the application
of the maxim, 'Cessante ratione legis, cessat ipsa lex."

The statute relied on in this case does not remove all the
disabilities of married women in the disposal of their real
property. On the contrary, it expressly provides that "she
may not make an executory contract to sell, convey, or mort-
gage her real estate unless her husband join in such contract."

Section 2506 of the Kentucky Statutes of 1899 provides: "If at the time the right of any person to bring an action for the recovery of real property accrued, such person was an infant, married woman or of unsound mind, then such person or persons claiming through them may, though the period of fifteen years has expired, bring an action within three years after such disability is removed."

As this suit was instituted by the appellee within three years after the time of the removal of the disability of coverture, it is apparent that the plea of limitation is not available to defeat recovery, unless section 2128 quoted supra, repeals by implication so much of section 2506 as applies to married women. In Onions. v. Covington & Cincinnati Elevated Railroad Transfer Bridge Company, 107 Ky., 154, 21 R., 820, 53 S. W., 8, it was contended for appellee that section 34 of the Civil Code, which provides "that in actions between the husband and wife, and in actions concerning her separate property, and in actions concerning her general property, and in actions for personal suffering or of injury to her personal character, in which he refused to unite, she may sue alone," authorized women to sue for damages to their real estate, and by necessary implication repealed. section 2525 of the Kentucky Statutes. In response to this contention, this court said: "Although a married woman, after 1876, might sue alone as to her general estate, she was by no means relieved of the disability of coverture. She was not only under the domination of her husband, but he owned absolutely her personal property. He might reduce to possession her choses in action, and had the right to use all of her real estate, with power to rent it out for not more than three years at a time and receive the rent. . . . It would be contrary to the entire spirit of our laws to allow limitation to run against her during her husband's lifetime. That the

Legislature did not intend to do so is apparent from the particular language of the exception, and the fact that it was brought over into both the Revised and General Statutes after the adoption of the Code, which empowered the wife to sue in her own name in certain actions." It was held that the Legislature did not have in mind the statute of limitations in the adoption of section 34 of the Civil Code, and that the statute did not run against the married woman until the death of her husband. The act of March 15, 1894, regulating the property rights of husband and wife, does not refer to the statute of limitations, and we can not presume an intention on their part to change the statutes of limitation in so far as married women are concerned, which had been a part of this State since 1846. We therefore conclude that section 2506 of the Kentucky Statutes of 1899 is still in full force and effect, in so far as married women are concerned, unaffected by the enactment of the act of March 15, 1894, regulating the property rights of the husband and wife.

For reasons indicated, the judgment is reversed, with directions to sustain the demurrer to the third paragraph of defendant's answer, and for further proceedings not inconsistent with this opinion.