## Smith's Executor, et al. v. Johns.

(Decided June 5, 1913.)

### Appeal from Pike Circuit Court.

1. Husband and Wife—Antenuptial Marriage Settlements—Estoppel.—Where it is apparent that both parties to an antenuptial marriage settlement intended that the title of the wife to lands agreed to be conveyed should vest at once, the husband and those claiming under him are estopped to deny that her title thereto is not perfect, in so far as the husband could make it.

2. Husband and Wife—Wife's Separate Estate—Husband as Trustee—Rents—Accounting.—A wife, in permitting her husband to manage and collect rents from her separate estate, does not waive her right to have him account to her for such rents.

3. Husband and Wife—Evidence—Presumptions.—In the absence of an agreement or understanding to the contrary, the husband in collecting rents and receiving income from the wife's separate estate will be treated as her trustee.

4. Husband and Wife—Contracts.—It being the duty of the husband to support the wife in a style befitting their station, the wife is not liable to the husband for expense of keeping her live stock or for money expended for her benefit in the absence of an agreement to pay or reimburse him.

5. Limitation of Actions—Statutes—Construction—Coverture.—The Weissinger act (Secs. 2127-2128 Ky. Stats.), did not remove that disability of coverture which prevents the running of the statutes of limitation against one under the disability of coverture.

6. Limitation of Actions—Accrual of Cause of Action.—An action by the wife against the estate of her husband for an accounting of rents received by him from her separate estate does not accrue until his death.

STATON & PINSON for appellants.

CHILDERS & CHILDERS for appellee

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

On February 24, 1896, Jacob Smith and Georgia A. Williamson entered into an antenuptial contract the material portions of which are as follows:

"This contract of marriage settlement, and deed made and entered into this 24th day of February, 1896, by and between Jacob Smith of the first part, and Miss Georgia A. Williamson of the second part, witnesseth: That in consideration of the mutual promise of each of the parties hereto to marry each other in a reasonable time after the date hereof they have and do agree that the said party of the first part is to and does hereby convey unto the party of the second part the two tracts of land hereinafter described to be hers absolutely and in fee and without any curtesy rights upon the part of said party of the first part should he survive the party of the second part; and in addition thereto should the party of the second part survive the party of the first part she is to receive from his estate in money the sum of one thousand dollars to be paid to her in a reasonable time after the death of the party of the first part, in consideration of the foregoing the party of the second part waives, surrenders and relinquishes all right to dower and homestead in any and all the lands now owned or possessed by the party of the first part, in the State of Kentucky and West Virginia, or in any other state, territory or district, as well in all those he may hereafter own, or possess wherever situated. And so waives, surrenders and relinquishes all title or right to recover any further from

his estate, real, personal or mixed, should she survive him.''

The lands mentioned are described in the contract by metes and bounds.

The contracting parties were later married, and lived together as man and wife until June, 1906, when Jacob Smith died. In February, 1910, his widow, who had in the meantime married again, brought suit against the personal representatives of her husband, his heirs and devisees, in which she sought to recover of them $1,052, which sum she alleged her husband had received as rents from her lands from the time of their marriage down to and including the year 1905. The defendants denied liability, pleaded the statute of limitation and alleged, by way of set-off, that plaintiff was indebted to the estate in a sum largely in excess of the claim sued on for provender furnished her for her live stock and for money expended by her husband for her benefit during their married life. Issue was joined upon each item of defense, proof taken, and upon final submission the chancellor was of opinion that plaintiff was entitled to recover of the estate of her husband the sum of $525 as rents, and entered judgment accordingly.

At the outset, it is insisted that the evidence fails to show that the decedent ever delivered to his wife a deed for the two tracts of land described in the marriage contract. The contract recites that, as a part of the consideration for its execution, the decedent agreed to and did convey to her this property for her sole and separate use. It is apparent that it was intended by both the parties to this contract that the wife should at once be invested with title to these lands; and being hers and for her sole and separate use, if her husband were now living, it would not lie in his mouth to state that her title thereto was not perfect, in so far as he could make it. He could not defeat her rights by any delay in the discharge of any duty which the contract, by its plain terms, imposed upon him.

Nor would the husband be in a position to withhold from her the rents and profits realized by him out of this land. The land was hers, and the income thereof belonged to her. Under the act of March 15, 1894, known as the Weissinger act, the rights of married women were enlarged to such an extent that they were authorized and empowered to act for themselves in the managemnt of their separate estates. The fact that appellee permit-

ted her husband to represent her, in renting out this property and in receiving the rents, cannot be construed as a waiver on her part of her right to have her husband account to her for the rents so received by him for her benefit. In the absence of some positive agreement or understanding to the contrary, he will be treated as acting as trustee for his wife in the collection of the rents and income from her separate estate, as was expressly held in Chorn v. Chorn, 98 Ky., 627. The contract was intended to be beneficial to her during their married life, else it would have provided that, at her husband's death, she surviving him, she should receive this property. The fact that he obligated himself to invest her, at once, with title manifests clearly that he purposed to give her whatever benefits should arise therefrom, from that time on. Appellants are in no better position than decedent, if living, would have been, and as he could not withhold this rent from his wife neither can they.

The record shows that decedent was a man of means, and more than able to maintain his wife and such live stock as she had and kept at his home in the way and manner described in the pleadings and evidence in this case. As her husband, it was his duty, and no doubt his pleasure, to support her in the style benefitting their station in life; and there is no evidence of his having, at any time during their married life, done or said anything from which it could even be inferred that he expected his wife to pay him for the keep of the live stock, which was her separate property, kept on his place. The court, under the circumstances, was justified in holding that appellants were not entitled to recover anything on the set-off. The sum awarded appellee represents the fair cash value of the rents received by her husband for her lands, during his life and after the execution of the marriage contract.

Nor can the plea of the statute of limitation avail, for the reason that section 2525, Kentucky Statutes, expressly provides that limitation does not run against a married woman until the disability of coverture is removed, and then she has the same time within which to prosecute her suit as she would have had were she unmarried when the cause of action accrued. The purpose of this section of the statutes was to prolong, in favor of married women and all other persons under disability therein designated, the several periods of time prescribed in the statutes within which an action must be

commenced.   The Weissinger act   had the effect of  en-
larging, but   did not   restrict, the   powers of   married
women. It removed all of the disabilities of coverture im-
posed by the common law in  the matter of  contracting
with other persons, the husband included, subject to the
restrictions  specified in the   statute.   Coleman v. Cole-
man, 143 Ky., 36.   In Sturgill v. C. & O. Ry. Co., 116 Ky.,
659, it was held that the Legislature did not, by the enact-
ment of  section 2128, Kentucky  Statutes, defining  the
rights and powers of married women, intend to remove
all of the disabilities of coverture, and among such dis-
abilities may be enumerated that which prevents the run-
ning of  the  statute of  limitation  against them  during
their coverture.   Appellee's cause of  action not having
accrued until after the death of her husband, the trial
court correctly held the  plea of the  statute of limita-
tion presented no defense.

The evidence abundantly supports the judgment, and
it is, therefore, affirmed.