John D. WILSON et al., Appellants,

v.

William EVERSOLE, Appellee.

Court of Appeals of Kentucky.

Nov. 28, 1969.

H. M. Shumate; Shumate, Shumate & Flaherty, Mart V. Mainous, Irvine, for appellants.

W. C. Robinson, Booneville, Edward Jackson, Beattyville, for appellee.

WADDILL, Commissioner.

This action was instituted to settle the estate of Lizzie Eversole and to require her surviving husband, William Eversole, to account for approximately $50,000 he allegedly collected that belonged to his wife and had wrongfully converted to his own use. (Other issues raised by the pleadings are not involved on this appeal). The trial court, in pertinent part, found that:

"* * * William Eversole had been trusted with the business of himself and Lizzie [Eversole], he had been very attentive to her welfare, such as making payments for all repairs on the property, doctors and nursing bills and the general welfare of both and there is no record to show that she had been pronounced incompetent and no record to show that she did not acquiesce in all the expenditures made by him, regardless of whose money was spent, he could not be held responsible for any expenditures made by him, where there is no proof of fraud, up to the time of her death, January 13, 1965. However, he is liable for any collections of money belonging to Lizzie, after the date of her death and for any money due her which has not been collected but may be collected later."

From that part of the judgment which is based upon the above conclusions, Lizzie Eversole's personal representative and her heirs appeal.

Appellants' ground for reversal, in summary, is that the trial court's conclusion that William Eversole does not have to account for the sums he collected that belonged to his wife, is erroneous as a matter of law. For appellee, William Eversole, it is contended that the conclusion reached by the trial judge was justified because the collections he made for his wife, as well as the expenditure of her money, was done with her consent and was ratified by her acquiescence.

·Lizzie and William Eversole were married during 1940 when he was 46 years of age and she 56. Neither had previously been married and there were no children born of their marriage. During 1958 William and Lizzie Eversole made a joint will which provided that the property owned by each would pass to his or her respective heirs according to the statutory laws of descent and distribution, except that their respective interests in a jointly owned farm, known as the "Clay Combs'" property, would pass to the survivor as a life estate and upon his death would revert to the estate of the original testator.

Prior to Lizzie's marriage to William Eversole she had accumulated property worth approximately $4,000. After their

marriage Lizzie Eversole became ill and was bedfast for several years prior to her death on January 13, 1965. During this period William Eversole attended to the business affairs for both Lizzie and himself and it is the investment of Lizzie's funds, in the form of real estate mortgages between 1951 and 1961, that appellants are now seeking to make William account for. There are eighteen original investments that are in question in this action. Ten of these mortgage notes were payable to William and Lizzie; three were payable to William, and five were payable to Lizzie. Appellants claim that William took Lizzie's funds and mingled them with his funds and now contend that one-half of the joint payee notes belong to Lizzie's estate, one-half of those payable to William also belong to her estate, and all of those payable to Lizzie belong to her estate. Appellants also claim that the payments made on these mortgage notes were reinvested in other mortgage notes, and that William had unlawfully converted Lizzie's part of these funds to his own use.

On the other side of the case, William contends that he acted as his wife's agent; that she participated in the negotiations and received the benefits from the money he collected in her behalf and, therefore, there is nothing due her estate.

The trial court did not undertake to make a finding concerning the amount of money belonging to Lizzie that was invested and reinvested for her by William, and neither will we. However, the conclusion reached by the trial court that William could not be held legally responsible for the expenditure of her funds, or his failure to account for same, is erroneous as a matter of law.

In Smith, Ex'r. v. Johns, 154 Ky. 274, 157 S.W. 21, which involved the question concerning the husband's liability to account for rents and profits belonging to his wife, we said:

"Nor would the husband be in a position to withhold from her the rents and profits realized by him out of this land. The land was hers, and the income thereof belonged to her. Under the act of March 15, 1894 (Acts 1894, c. 76), known as the 'Weissinger Act,' the rights of married women were enlarged to such an extent that they were authorized and empowered to act for themselves in the management of their separate estates. The fact that appellee permitted her husband to represent her, in renting out this property and in receiving the rents, cannot be construed as a waiver on her part of her right to have her husband account to her for the rents so received by him for her benefit. In the absence of some positive agreement or understanding to the contrary, he will be treated as acting as trustee for his wife in the collection of the rents and income from her separate estate, as was expressly held in Chorn v. Chorn, 98 Ky. 627, 33 S.W. 1107, 17 Ky.Law Rep. 1178. * * *."

The prevailing rule is stated in 41 Am. Jur.2d, Husband and Wife, Sec. 85, as follows:

"Apart from the conflict of authority on the effect of a husband's receipt and appropriation of his wife's property as evidencing or giving rise to a presumption of gift, or trust, or loan, there is no question but that a wife's property or her money does not become the property of her husband by reason of being placed in his hands for an express trust or as her agent, as where it is placed in his hands to be invested for her. It is recognized that appropriation by a husband of his wife's separate property without her consent gives rise to a debtor and creditor relationship between them, and he will be required to account to her therefor. * * *."

In the instant case the evidence does not reasonably show that Lizzie ratified the business transactions allegedly made in her behalf, but, on the other hand, some of the testimony indicates that Lizzie had pro-

tested the manner in which her husband had handled her business affairs. We hold as a matter of law that William did not meet the burden that is required to establish ratification by Lizzie, due to their confidential relationship, since clear and convincing evidence is required. Jent's Ex'rs v. Dodson, 220 Ky. 181, 294 S.W. 1052; Walker v. Walker's Ex'r, 9 Wall 743, 76 U.S. 743, 19 L.Ed. 814.

We are reversing the judgment in part, with directions to the trial court to reconsider the evidence and to make a finding of the amount of money that William owes Lizzie Eversole's estate, crediting him however with a reasonable allowance for the services he rendered in conducting his wife's business affairs, and to render a judgment accordingly.

The judgment, insofar as it relates to the amount of money now due Lizzie Eversole's estate from William Eversole, is reversed with directions to enter a new judgment in accordance with this opinion. Otherwise, the judgment is affirmed.

All concur.